**STATE of Missouri, Respondent,**

v.

**James E. BALLY, Appellant.**

**No. WD 47136.**

Missouri Court of Appeals,
Western District.

Jan. 18, 1994.

Thomas P. McBride, St. Joseph, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and ULRICH and SPINDEN, JJ.

SPINDEN, Judge.

James Bally was intoxicated on November 28, 1991, in St. Joseph when he drove his car past a stop sign without stopping. His car crashed into the side of another car in which Robert Thomason, Thomason's wife, and their one-year-old son were riding. Thomason and his wife were seriously injured. Their son sustained minor injuries. In two separate cases, the state charged Bally with driving while intoxicated and second degree vehicular assault. Thomason died ten days later. The next day, on December 9, Bally surprised the state by suddenly pleading guilty to the DWI charge in an unscheduled hearing he arranged.

The state did not object to the proceeding.[1] The court accepted Bally's plea but delayed sentencing until an investigation was completed. On December 27, before the investigation was complete, the state asked the court for leave to nolle prosequi the DWI charge. The court granted the request on January 3, 1992, after a hearing. After the state dismissed the DWI charge, it amended the still-pending vehicular assault charge to add an involuntary manslaughter charge and prosecuted Bally for both.[2]

A jury convicted Bally of assault and manslaughter. The court sentenced him to three years in prison and fined him $5000 on the assault charge. He was sentenced to seven years in prison on the manslaughter charge, to be served consecutively with the assault sentence. Bally contends in his appeal that

the prosecution of the assault and manslaughter charge violated his protection, under U.S. CONST. amend. V, from double jeopardy.[3] We disagree and affirm both convictions.

■ The Fifth Amendment's double jeopardy clause protects " 'against a second prosecution for the same offense after acquittal.' " *United States v. DiFrancesco*, 449 U.S. 117, 129, 101 S.Ct. 426, 433, 66 L.Ed.2d 328 (1980) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)). The clause's basic rationale is:

"[T]hat the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty."

*Id.* 449 U.S. at 127–28, 101 S.Ct. at 432 (quoting *Green v. United States*, 355 U.S. 184, 187–88, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957)). The double jeopardy clause is a protection from prosecutorial overreaching and misconduct. Because a guilty verdict for a lesser-included offense is, for double jeopardy purposes, an implied acquittal of the greater offense, the state cannot prosecute a defendant for the greater offense. *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).[4]

■ The state argues that the Fifth Amendment is not implicated because jeopardy had not attached to Bally's plea of guilty

1. Bally contends, and the state does not deny it, that the prosecutor knew that Thomason had died.

2. The state does not contest Bally's contention that DWI is a lesser included offense to vehicular manslaughter.

3. The Fifth Amendment says, "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." Bally appealed primarily on the strength of the U.S. Supreme Court's decision in *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). That case has been overruled. *United States v. Dixon*, —— U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). We conclude, however,

that Bally's conviction raised a valid Fifth Amendment issue notwithstanding his reliance on an overruled case.

4. An exception to this rule exists when a defendant enters a guilty plea to the lesser offense over the state's objection, and the defendant is being tried for both offenses—the lesser and greater— in the same proceeding. In such a case, the guilty plea does not resolve the factual issue in the defendant's favor. *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984) (because the greater offense was pursued in the same proceeding, the finality required for double jeopardy had not been reached). Neither component of this exception is involved in Bally's case.

to the DWI charge before the state entered its nolle prosequi. The state bases its argument on *Jones v. State*, 771 S.W.2d 349, 351 (Mo.App.1989), in which this court's Eastern District said:

> For purposes of a plea of guilty, we may assume that jeopardy attaches when a defendant is sentenced on that plea. *Ricketts v. Adamson*, 483 U.S. 1 [107 S.Ct. 2680, 97 L.Ed.2d 1] ... (1987). Thus, if the State failed to terminate ... prosecution prior to the imposition of sentence on his Alford plea, the double jeopardy clause barred reprosecution of ... those same charges.

We do not need to decide, however, whether the *Jones* court was correct in its assumption[5] because the state's entry of a nolle prosequi was with leave of court.

Such a dismissal does not constitute the functional equivalent of an acquittal, and, therefore, jeopardy does not attach.

The Supreme Court of Missouri has ruled that a nolle prosequi may not constitute an acquittal, depending on the circumstances. In *State v. Berry*, 298 S.W.2d 429, 431–32 (Mo.1957) (citations omitted), the court explained:

> [T]he entry of a nolle prosequi ... was not an acquittal and ... did not place the defendant in jeopardy.... In the ancient and hortatory language of lawyers the effect of a nolle prosequi " ' "is to put the defendant without day, that is, he is discharged and permitted to leave the Court without entering into a recognizance to appear at any other time; but it does not operate as an acquittal, for he may afterwards be again indicted for the same offense, or fresh process may be issued against him upon the same indictment and

he be tried upon it." ' " ... The pendency of a former indictment or information ... is not a bar to a second indictment or information for the same offense.

This position is consistent with the one taken by federal courts. In *Dortch v. United States*, 203 F.2d 709, 710 (6th Cir.1953), cert. denied, 346 U.S. 814, 74 S.Ct. 25, 98 L.Ed. 342 (1953), the court said:

> It is ... settled law that a nolle prosequi and a dismissal without prejudice do not bar a second prosecution for the same offense, inasmuch as such terminations are not tantamount to acquittal. See *United States v. Fox*, 3 Cir., 130 F.2d 56, certiorari denied, 317 U.S. 666, 63 S.Ct. 74, 87 L.Ed. 535, holding that a nolle prosequi, unlike an acquittal, does not free the accused from the prosecution of the offense charged and is not a bar to a second indictment covering the same offense.[6]

The court in *United States v. Shanahan*, 168 F.Supp. 225, 230 (S.D.Ind.1958), concluded, "[T]he law is settled that where the government dismisses a criminal action by leave of court, jeopardy does not attach[.]"

Early decisions by the Supreme Court of Missouri have ruled that a nolle prosequi occurring after jeopardy traditionally attaches—upon the jury's being sworn and empaneled—was the functional equivalent of an acquittal. See *State v. Mason*, 326 Mo. 973, 33 S.W.2d 895 (1930); *State v. Linton*, 283 Mo. 1, 222 S.W. 847 (1920); *State v. Patterson*, 116 Mo. 505, 22 S.W. 696 (1893). In none of those cases, however, did the trial court grant leave.

■ The court in Bally's case did grant the state leave to enter nolle prosequi after a hearing on the state's motion. Indeed, the Supreme Court of Missouri has ruled that a

---

**5.** The federal courts hold that jeopardy attaches when the court unconditionally accepts a defendant's guilty plea. 3 Wayne R. LaFave and Jerold H. Israel, Criminal Procedure § 24.1 (1984); William S. McAninch, Unfolding the Law of Double Jeopardy, 44 S.C.L.Rev. 411, 419 (1993). The Ricketts case, upon which the Jones court relied, merely stated that the Supreme Court was assuming, without deciding, for purposes of determining that particular case, that jeopardy attached "at least" at sentencing. *Ricketts*, 483 U.S. at 8, 107 S.Ct. at 2684.

**6.** Although the federal courts are construing the effect of a nolle prosequi under Fed.R.Crim.P. 48(a), and not common law as the Berry court was, the effect is the same because the federal courts have concluded that dismissal pursuant to Rule 48(a) is equivalent to nolle prosequi under the common law. *Dortch v. United States*, 203 F.2d 709 (6th Cir.1953), cert. denied, 346 U.S. 814, 74 S.Ct. 25, 98 L.Ed. 342 (1953); *United States v. Shanahan*, 168 F.Supp. 225 (S.D.Ind. 1958).

court has a duty to review a state's nolle prosequi made after a jury's verdict.[7] *State ex rel. Norwood v. Drumm,* 691 S.W.2d 238 (Mo. banc 1985).

The rationale for treating a nolle prosequi granted with leave of court as an exception to double jeopardy analysis is clear. A court determines whether nolle prosequi is, in the words of the *Drumm* court, consistent with "the public interest in the fair administration of criminal justice." *Id.* at 241. This assuages the primary concern of double jeopardy analysis: preventing prosecutorial misconduct and overreaching.

Hence, because the state's nolle prosequi in Bally's case was entered with leave of court, double jeopardy did not attach so as to bar further prosecution of the DWI charge or any greater offenses. As this court's Eastern District said, in *State v. Lawson,* 630 S.W.2d 185, 189 (Mo.App.1982), "The filing of a nolle prosequi ... results in a dismissal, and ... the dismissal is without prejudice if the accused's double jeopardy rights do not bar reprosecution."

█ Moreover, the United States Supreme Court has refused to permit a defendant from using the Fifth Amendment as a "sword" to thwart the state's prosecution of him. The Supreme Court enunciated the "sword exception" in *Ohio v. Johnson,* 467 U.S. 493, 502, 104 S.Ct. 2536, 2542, 81 L.Ed.2d 425 (1984), where it "made clear that a criminal defendant is not 'entitled to use the Double Jeopardy Clause as a sword.'" *United States v. Quinones,* 906 F.2d 924, 928 (2d Cir.1990), cert. denied, 498 U.S. 1069, 111 S.Ct. 789, 112 L.Ed.2d 851 (1991) (quoting *Johnson,* 467 U.S. 493, 104 S.Ct. 2536).

In *Quinones,* the court considered the case of a defendant who, learning that a grand jury was soon to hand down a second indictment charging him with a third offense growing out of a single drug sale, pleaded guilty— to the prosecution's surprise—to the original indictment's charges of possessing cocaine and conspiring to distribute it. The prosecutor objected and announced to the court that another indictment was forthcoming. The court admonished the defendant that its acceptance of his plea would not block prosecution of the new indictment. When the second indictment came down after the guilty plea, the defendant moved to dismiss it on the ground that it violated his Fifth Amendment protection against double jeopardy. In rejecting the double jeopardy claim, the court noted that the defendant's "maneuver was designed to cut off the possibility that appellant would be prosecuted on an additional charge." *Quinones,* 906 F.2d at 926.

Bally's decision to plead guilty to DWI, with only minutes notice to the prosecutor, was a similar maneuver. The state was not dilatory in charging Bally with manslaughter. It had no basis for charging him until Thomason died. Bally took advantage of the state's unpreparedness by suddenly pleading guilty to a misdemeanor in hopes of blocking a felony manslaughter charge. This constitutes an impermissible use of the Fifth Amendment as a sword.

We conclude that because the nolle prosequi entered in Bally's DWI case was not an acquittal but a dismissal without prejudice, the state acted within its rights to continue to prosecute the still-pending assault charge and to add the manslaughter charge even though both were greater offenses to the DWI charge. We also apply the "sword exception" in upholding the manslaughter conviction. We affirm the convictions.

All concur.

---

7. A court's acceptance of a guilty plea is equivalent to a jury verdict. As the United States Court of Appeals, Third Circuit, said, "The defendant ... was not found guilty by a jury of his peers but by his own plea.... [T]hat is a distinction without a difference." *United States v. Fox,* 130 F.2d 56, 58 (3d Cir.Pa.), cert. denied, 317 U.S. 666, 63 S.Ct. 74, 87 L.Ed. 535 (1942). "Like a verdict of a jury [a guilty plea] is conclusive.... [T]he court has nothing to do but give judgment and sentence." *Kercheval v. United States,* 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927).