**James E. BALLY, Appellee,**

v.

**Mike KEMNA, Superintendent, Western Missouri Correctional Center; Attorney General of the State of Missouri, Appellants.**

**No. 95–1465.**

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1995.

Decided Sept. 7, 1995.

Stephen D. Hawke, Jefferson City, MO, argued, for appellant.

Thomas J. Cox, Kansas City, MO, argued, for appellee.

Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

HENLEY, Senior Circuit Judge.

The State of Missouri appeals from a judgment of the district court granting James E. Bally's petition for a writ of habeas corpus under 28 U.S.C. § 2254. We reverse.

The parties do not dispute the following: Bally was intoxicated on November 28, 1991 ... when he drove his car past a stop sign without stopping. His car crashed into the side of another car in which Robert Thomason, Thomason's wife, and their one-year old son were riding. Thomason and his wife were seriously injured. Their son sustained minor injuries. In two separate cases, the state charged Bally with driving while intoxicated [DWI] and second degree vehicular assault. Thomason died ten days later. The next day, on December 9, Bally surprised the state by suddenly pleading guilty to the DWI charge in an unscheduled hearing he arranged.

The state did not object to the proceeding. The court accepted Bally's plea but delayed sentencing until an investigation was completed. On December 27, before the investigation was complete, the state asked the court for leave to nolle prosequi the DWI charge. The court granted the request on January 3, 1992, after a hearing. After the state dismissed the DWI charge, it amended the still-pending vehicular assault charge to add an involuntary manslaughter charge and prosecuted Bally for both.

*State v. Bally,* 869 S.W.2d 777, 778 (Mo.Ct. App.1994) (footnote omitted).

Bally moved to dismiss the indictment for vehicular assault and manslaughter on double jeopardy grounds. The trial court denied the motion and the case proceeded to trial. The jury convicted Bally on both counts.

Bally appealed, arguing that because DWI was a lesser included offense of vehicular assault and manslaughter and because jeopardy attached when the trial court accepted his guilty plea to DWI, the state could not prosecute him on the greater offenses. The state appellate court rejected his argument. The court did not dispute that DWI was a lesser included offense of vehicular assault and manslaughter and that double jeopardy bars prosecution for a greater offense after a defendant has been acquitted of a lesser included offense. *Id.* at 779. The court also acknowledged that the general rule appeared to be that jeopardy attached when a court unconditionally accepted a guilty plea. *Id.* at n. 5. However, the court found it unnecessary to decide when jeopardy attached because it believed that a nolle prosequi dis-

missal with leave of the court was not the "functional equivalent of an acquittal." *Id.* at 779.

The state court also relied on the so-called "sword" exception of *Ohio v. Johnson,* 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). In *Johnson,* the Supreme Court held that double jeopardy did not bar prosecution on the remaining counts of an indictment after a trial court, over the state's objection, accepted a defendant's pleas to lesser included offenses. *Id.* at 494, 104 S.Ct. at 2538. In the facts of the case, the Court believed that "[n]otwithstanding the trial court's acceptance of respondent's guilty pleas, respondent should not be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution of the remaining charges." *Id.* at 502, 104 S.Ct. at 2542. In *Bally,* the state court believed that "Bally's decision to plead guilty to DWI, with only minutes notice to the prosecutor ... constitute[d] an impermissible use of the Fifth Amendment as a 'sword.'" 869 S.W.2d at 780.[1]

Bally then filed this habeas petition, which the district court granted. Relying on *United States v. Bullock,* 579 F.2d 1116, 1118 (8th Cir.), *cert. denied,* 439 U.S. 967, 99 S.Ct. 456, 58 L.Ed.2d 425 (1978), the district court agreed with Bally that jeopardy attached when the trial court accepted his guilty plea to DWI. The court reasoned that because jeopardy had attached double jeopardy barred prosecution of the greater offenses of vehicular assault and manslaughter. The court also believed that *Ohio v. Johnson* did not apply, because in that case the prosecutor had charged the defendant in a single indictment charging greater and lesser of-

fenses and had objected to acceptance of guilty pleas to the lesser offenses, whereas in the instant case the prosecutor had charged Bally in two separate indictments and had not objected to acceptance of the plea.

"The Double Jeopardy Clause ... affords a defendant three basic protections[.]"[2] *Ohio v. Johnson,* 467 U.S. at 497–98, 104 S.Ct. at 2540. "'[I]t protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" *Id.* (quoting *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977)). Moreover, "the Double Jeopardy Clause prohibits prosecution of a defendant for a greater offense when he has already been tried and acquitted or convicted on the lesser included offense." *Id.* at 501, 104 S.Ct. at 2542. Where, as here, "successive prosecutions are at stake, the [Double Jeopardy Clause] serves a 'constitutional policy of finality for the defendant's benefit.'" *Brown v. Ohio,* 432 U.S. at 165, 97 S.Ct. at 2225 (quoting *United States v. Jorn,* 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971) (plurality opinion)). More specifically, "the bar to retrial following acquittal or conviction ensures that the State does not make repeated attempts to convict an individual, thereby exposing him to continued embarrassment, anxiety, and expense, while increasing the risk of an erroneous conviction or an impermissibly enhanced sentence." *Ohio v. Johnson,* 467 U.S. at 498–99, 104 S.Ct. at 2540.

"As an aid to the decision of cases in which the prohibition of the Double Jeopardy

---

**1.** On direct appeal, the state did not dispute Bally's contention that it knew at the time of the plea hearing that Thomason had died, 869 S.W.2d at 778 n. 1, and, as to the manslaughter charge, apparently did not rely on the "necessary facts" exception to double jeopardy. This exception "may exist where the State is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not yet occurred or have not been discovered despite the exercise of due diligence." *Brown v. Ohio,* 432 U.S. 161, 169 n. 7, 97 S.Ct. 2221, 2227 n. 7, 53 L.Ed.2d 187 (1977).

**2.** "The Double Jeopardy Clause ... is stated in brief compass: '[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb.'" *Crist v. Bretz,* 437 U.S. 28, 32, 98 S.Ct. 2156, 2159, 57 L.Ed.2d 24 (1978). "But this deceptively plain language has given rise to problems both subtle and complex[.]" *Id.* Justice Rehnquist has observed that "[d]espite its roots in antiquity, however, this guaranty [against double jeopardy] seems both one of the least understood and ... most frequently litigated provisions of the Bill of Rights." *Whalen v. United States,* 445 U.S. 684, 699, 100 S.Ct. 1432, 1442, 63 L.Ed.2d 715 (1980) (Rehnquist, J., dissenting).

Clause has been invoked, the courts have found it useful to define a point in criminal proceedings at which the constitutional purposes and policies are implicated by resort to the concept of 'attachment of jeopardy.' " *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975). The Supreme Court has held that "[i]n the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn[,]" and "[i]n a nonjury trial ... when the court begins to hear evidence[,]" *id.,* but has not yet decided when jeopardy attaches to a guilty plea. *See Ricketts v. Adamson,* 483 U.S. 1, 8, 107 S.Ct. 2680, 2685, 97 L.Ed.2d 1 (1987) ("We may assume that jeopardy attached at least when respondent was sentenced ... on his plea of guilty[.]"). It follows, of course, only if jeopardy has attached "does any subsequent prosecution of the defendant bring the guarantee against double jeopardy even potentially into play." *Crist v. Bretz,* 437 U.S. 28, 33, 98 S.Ct. 2156, 2159, 57 L.Ed.2d 24 (1978).

In this appeal, the state does not challenge the district court's observation that as a general rule courts have held that jeopardy attaches when a trial court unconditionally accepts a guilty plea.[3] *See Fransaw v. Lynaugh,* 810 F.2d 518, 523 n. 9 (5th Cir.) (collecting cases), *cert. denied,* 483 U.S. 1008, 107 S.Ct. 3237, 97 L.Ed.2d 742 (1987). The state also acknowledges that in *United States v. Bullock,* 579 F.2d at 1118, this court stated: "Of course, jeopardy would attach when a plea of guilty is accepted." However, the state argues the statement in *Bullock* is dictum and that this court has never resolved the issue.

The state then requests that this court adopt the position of the Tenth Circuit in *United States v. Combs,* 634 F.2d 1295, 1298 (10th Cir.1980), *cert. denied,* 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 304 (1981), which indicated that jeopardy does not attach upon acceptance of a guilty plea but only attaches upon sentencing and entry of judgment. The state argues that acceptance of a guilty plea does not implicate the policies behind the Double Jeopardy Clause. In particular, the

state argues "mere acceptance of a guilty plea does not carry the same expectation of finality and tranquility that comes with a jury's verdict or with an entry of judgment and sentence[,]" *United States v. Santiago Soto,* 825 F.2d 616, 620 (1st Cir.1987), and a guilty plea hearing does not entail the expense, strain, or embarrassment of a trial and at a hearing the prosecution does not have the opportunity to "hone its presentation of its case through a trial." *Ohio v. Johnson,* 467 U.S. at 501, 104 S.Ct. at 2542. The state also notes that in certain circumstances Missouri law prohibits entry of judgment even though a judge accepts a guilty plea, citing Mo.S.Ct.R. 24.02(e).

Bally responds that the statement in *Bullock* was holding, not dictum. In any event, he argues that this court should follow the rule that jeopardy attaches upon acceptance of a guilty plea. He argues that he suffered strain and embarrassment at the plea hearing. Moreover, he argues that jeopardy means "risk of a determination of guilt," *Serfass v. United States,* 420 U.S. at 391, 95 S.Ct. at 1064, and asserts that he was put at risk of conviction of vehicular assault and manslaughter because at the plea hearing he admitted he was driving while intoxicated. Bally also argues that to hold that jeopardy attaches upon sentencing would be unworkable in Missouri because of state law concerning suspended imposition of sentence, citing Mo.Rev.Stat. §§ 557.011, 559.012.

We agree with the state that the statement in *Bullock* was dictum. In *Bullock,* 579 F.2d at 1118, the court was not concerned with acceptance of a guilty plea, but merely held that jeopardy did not attach when the government returned checks defendants had tendered in response to a notice of a violation indicating they could forfeit bond in lieu of a trial. We also agree with the state that we have never definitely determined when jeopardy attaches to a guilty plea. *See United States v. Britt,* 917 F.2d 353, 356 n. 3 (8th Cir.1990) ("assume for purposes of this discussion that jeopardy attached when [defendant's] guilty plea was accepted by the

---

**3.** In this appeal the state concedes, as it did in the past, that DWI is a lesser included offense of

vehicular assault and manslaughter.

court"), *cert. denied,* 498 U.S. 1090, 111 S.Ct. 971, 112 L.Ed.2d 1057 (1991); *United States v. Williams,* 534 F.2d 119, 120 (8th Cir.) (same), *cert. denied,* 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976).

Moreover, we note that several federal courts have questioned the rationale of cases holding that jeopardy attaches upon acceptance of a guilty plea, *See United States v. Foy,* 28 F.3d 464, 471 n. 13 (5th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 610, 130 L.Ed.2d 520 (1994); *Gilmore v. Zimmerman,* 793 F.2d 564, 570 (3d Cir.), *cert. denied,* 479 U.S. 962, 107 S.Ct. 459, 93 L.Ed.2d 405 (1986), and in *United States v. Santiago Soto,* 825 F.2d at 620, the First Circuit has expressly held that "jeopardy did not attach when the district court accepted the guilty plea to the lesser included offense and then rejected the plea without having imposed sentence and entered judgment." However, in this state habeas case where both parties cite state law concerning guilty pleas and sentencing, we decline to fashion a rule concerning when jeopardy attaches to a guilty plea.[4] As in the past, we assume that jeopardy attached when the court accepted the guilty plea, but "the conclusion that jeopardy has attached begins, rather than ends, the inquiry as to whether the Double Jeopardy Clause bars retrial." *Illinois v. Somerville,* 410 U.S. 458, 467, 93 S.Ct. 1066, 1072, 35 L.Ed.2d 425 (1973). For example, in *Ricketts v. Adamson,* 483 U.S. at 8, 107 S.Ct. at 2684, the Court assumed that jeopardy attached when the defendant was sentenced on a guilty plea, but held that double jeopardy did not bar prosecution on greater offenses after he breached the plea agreement. *See also United States v. Britt,* 917 F.2d at 357.

In situations where jeopardy has attached, the Supreme Court has abjured "rigid, mechanical rule[s]" to determine when retrial does not violate double jeopardy, *Illinois v. Somerville,* 410 U.S. at 467, 93 S.Ct. at 1072, even though the Court has acknowledged that the resulting decisions "can hardly be characterized as models of consistency and clarity." *Burks v. United States,* 437 U.S. 1,

9, 98 S.Ct. 2141, 2146, 57 L.Ed.2d 1 (1978). Instead, the Court has made clear that in determining whether reprosecution is barred following the attachment of jeopardy, "[e]ach case must turn on its facts." *Downum v. United States,* 372 U.S. 734, 737, 83 S.Ct. 1033, 1035, 10 L.Ed.2d 100 (1963). The Court believed that the case-by-case approach was necessary because "the purpose of law to protect society from those guilty of crimes frequently would be frustrated by denying courts power to put the defendant to trial again." *Illinois v. Somerville,* 410 U.S. at 470, 93 S.Ct. at 1073 (quoting *Wade v. Hunter,* 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949)).

In the circumstances of this case, we believe that double jeopardy does not bar prosecution on the vehicular assault and manslaughter charges. We have observed that "[t]he protection afforded by the double jeopardy clause varies depending on whether or not there has been a final resolution on the merits of the charges against the accused." *United States v. Dixon,* 913 F.2d 1305, 1310 (8th Cir.1990). We agree with the state that there has been no final resolution of the merits of the vehicular assault and manslaughter charges. As the Supreme Court noted in *Ohio v. Johnson,* 467 U.S. at 501–02, 104 S.Ct. at 2542:

> [t]he acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending ... has none of the implications of an "implied acquittal" which results from a verdict convicting a defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses.

In fact, in *United States v. Williams,* 534 F.2d at 121–22, which was decided eight years before *Johnson,* we rejected the argument that a guilty plea to a lesser included offense was an implied acquittal of the greater offense. In the course of holding that double jeopardy did not bar prosecution on

---

4. We are aware that in *Crist v. Bretz,* 437 U.S. at 38, 98 S.Ct. at 2162, the Supreme Court held that the federal rule that jeopardy attaches in a jury trial when the jury is empaneled and sworn was an "integral part of the constitutional guarantee against double jeopardy" and thus binding on the states.

greater offense after a defendant had his guilty plea to a lesser offense vacated, we stated:

> [Defendant] was not, in the proceedings in which his guilty plea was accepted, in direct peril of being convicted and punished for violating [the greater offenses]. He was not forced to run the gauntlet on those charges. No trier of fact refused to convict on those charges and none was given the choice between finding him guilty on either of those charges.... The district judge had the ... options of accepting or rejecting the plea on the [lesser] charge. By accepting it he made no determination, explicit or implicit, on the merits of the charges not embraced in the plea. There was no implicit acquittal.... A plea to a lesser charge necessarily deprives court and jury of an opportunity to consider the greater charge.

*Id.* at 121–122 (footnote omitted). Although *Williams* is distinguishable because in that case the defendant sought to have his guilty plea set aside, we nonetheless believe the above reasoning applies to the instant case.

We also realize that *Ohio v. Johnson* is distinguishable. As the district court pointed out, in that case the state charged the defendant in a single indictment and objected to acceptance of guilty pleas, whereas Bally was charged in two indictments and the state did not object to acceptance of his plea. However, faced with similar circumstances in *United States v. Santiago Soto,* 825 F.2d at 619, the Fifth Circuit has also relied on *Ohio v. Johnson* to conclude that double jeopardy did not bar a second indictment charging greater offenses after a court accepted but, over the government's objection, sua sponte vacated a guilty plea. The court believed *Johnson* was instructive even though charges for the greater offenses were not even pending at the time of the plea, reasoning that "[u]nderlying *Johnson* is the proposition that acceptance of a guilty plea is legally different from a conviction based on a jury's verdict." *Id.*

Because we believe that acceptance of Bally's guilty plea to DWI did not constitute an implied acquittal of the vehicular assault and manslaughter charges, we hold that Bally's prosecution on those charges did not violate the Double Jeopardy Clause. We therefore do not address the state's alternative argument that Bally's alleged inequitable conduct constituted an impermissible use of double jeopardy as a "sword."

Accordingly, we reverse the judgment of the district court.