**Diondra BARNES, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 75007.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 26, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 5, 2000.

Application for Transfer Denied
Feb. 22, 2000.

Douglas R. Hoff, Asst. Public Defender, St., Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

KENT E. KAROHL, Judge.

Defendant appeals convictions and sentences on charges of first degree murder and a related armed criminal action. The charges were originally tried before the Honorable Anna C. Forder. Judge Forder declared a mistrial when the jury failed to reach verdicts. During that trial, defendant contended Judge Forder sustained a motion for judgment of acquittal on the charged crime of first degree murder. He contends the trial court erred when it re-tried him on the charge of first degree murder in violation of rights guaranteed under the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, which prohibit the state from placing defendant in double jeopardy for the same offense. In the alternative, he contends other trial court errors would support the award of a new trial.

Defendant preserved the issue of double jeopardy on the charge of first degree murder. Defendant has provided this court with two transcripts, one for the first trial and one for the re-trial. The state did not contest preservation and has not claimed waiver. It has not argued Judge Forder erred in granting defendant's motion for judgment of acquittal on that charge at the close of the state's evidence during the first trial. Rather, the state's response is the judge did not, in fact, sustain defendant's motion for judgment of acquittal "in that, although Judge Forder said (at appellant's first trial), 'I will sustain' appellant's motion for judgment of acquittal with regard to first degree murder, Judge Forder immediately reconsidered, postponed ruling until after a review of relevant case law, and ultimately overruled the motion." There is no dispute that the evidence admitted during the retrial would support finding defendant guilty of lesser included offenses of the charge of murder first degree. Accordingly, in the event the double jeopardy argument is valid, as a matter of law, the appropriate result is a remand for retrial on the lesser included offenses and the related armed criminal action charges.

During the first trial and after the state rested, the following occurred:

THE COURT: Here's the Motion for Judgment of Acquittal at the Close of the State's Evidence. Do you want to say anything?

MR. ESTES [defense counsel]: The State's evidence, at the most, put him at the scene of the crime. And if you believe the money they recovered from him was there, and that is not that he deliberated, so I ask for a Judgment of Acquittal at this time, if not to proceed on the felony Murder rather than Murder First, just felony Murder.

MR. TEER [assistant circuit attorney]: No. We have a gunshot, one directly to the head and reasonable injury or could injure. That is the multiple shots could establish there was an intent and the element knowing with the intent, with deliberation, and did know, in fact. And the State has shown substantial evidence that the jury can infer deliberation specifically to that.

MR. ESTES: At the most—

THE COURT: *I will sustain the Motion for the defense in terms of Murder First Degree.* I don't believe that any deliberation has been provided in the case, so I'm going to do that, sustain it as to the charge of Murder First Degree.

MR. TEER: I would like an opportunity to present case law to that effect. I mean, before we go to that point, then, and argue, I would like an opportunity to present case law, if I could, on that fact because we're not at the argument stage so we have not gotten the instruction on that. And if I can find sufficient case law—

THE COURT: *I will rule on it at this time.* I think *the defendant can proceed on the assumption that I have dismissed the charge of Murder First Degree,* but I don't think you can discuss it with the jury yet, do you understand, because I may have to go back and look at the case law and what it seems to indicate about that. But as far as I am concerned, *Murder First Degree has not been proven in my mind, but I would be willing to review case law.*

MR. ESTES: I think it would be double jeopardy for you to change my [sic] mind.

THE COURT: To change my mind at this time?

MR. ESTES: Yes, ma'am.

THE COURT: What I'm saying is that as far as I am concerned, he has not proven it. All right? *Now, I'm not going to make a ruling at this time* because I'm going to listen to the case law on it and make sure at this time in my mind. I don't believe that is double jeopardy, is it, for my [sic] to consider the case law for the state?

The defendant, thereafter, presented evidence including his own testimony. The state offered one rebuttal witness. The court then invited counsel to the bench where the following occurred:

THE COURT: We have to make a ruling on the motion about Murder First Degree. In light of the case of the State versus Stuart, which is a street robbery case—no, not that case, not that one, the *State versus Bridges*, 910 [810] S.W.2d, 628 [682 (Mo.App.1991)][sic], in which it indicates that the defendant had a gun,

that he used the gun on a victim during a struggle during a robbery.

And *I think that is persuasive enough that the Court will deny the Motion for Judgment of Acquittal at the Close of the State's Evidence.* And even as to Murder First, I will deny the Motion for a Directed Verdict at the Close of the State's case.

Now, we have to consider the Motion for Judgment of Acquittal at the Close of All the Evidence at this time. Is there anything to state, Mr. Estes?

MR. ESTES: Before that, *I would object. You stated for the record you sustained my Motion for a Judgment of Acquittal at the Close of the State's Evidence.* And I believe it's double jeopardy for us to proceed on Murder First following the acquittal of the Murder First. I think you acquitted him.

THE COURT: If I recall, I said I was prepared to do that, but I would like to see some more law. And we had a discussion about it and agreed there was no double jeopardy for the Court to simply try to consider law on the matter before making a judgment at that time.

MR. ESTES: Upon further reflection, I believe you sustained it before we had that conversation.

THE COURT: I said I was prepared to sustain it. I was prepared to. I don't know how else to state it to you. That's my indication to Mr. Teer, that I wanted to see some law on it or something further, because I was not convinced fully on the facts at that time. And I wanted to see further case law on the standard that's required for making a First Degree Murder case.

You promptly brought to me the case of State versus Bridges which has facts similar to this case, struggling and a robbery and a gunshot to head at close range, those kinds of facts that would seem to indicate some similarity here. So I would overrule the Motion for a Judgment of Acquittal at the Close of the State's Evidence.

Now, moving on to this motion here, at the close of all the evidence, anything further you want to state at this time?

MR. ESTES: I would state that it's an identical motion, except for the title. Again, there's no deliberation. Again, there is at most the State's evidence does place him at the scene. By law, it's not sufficient to support a conviction and there's an instruction that says presence at the scene is not enough.

MR. TEER: That's only in co-defendant cases.

MR.ESTES: That's what the notes say. But nevertheless, presence at the scene is not enough.

THE COURT: I agree. I agree.

MR. ESTES: *I think it's double jeopardy to proceed on Murder First now and incorporate the previous arguments on this rather than rehash the whole thing with the Court's leave.*

THE COURT: I'll overrule the Motion for Judgment of Acquittal at the Close of All the Evidence.

MR. ASCH [sic]: *If I could just state for the record, I wanted to state that you had written sustained on Murder First on the Motion for Judgment of Acquittal at first. And you have just now crossed it out. I want to make it clear for the record.*

THE COURT: I was prepared to sustain it. I was prepared to do that, all right? Maybe if you enjoy this, to make the Judge eat her words, we'll let the Court of Appeals make the decision and—

MR. ASCH [sic]: I just wanted to make a record.

THE COURT: I understand. If you want to make me eat my words and so forth, but I think as we stood here and had a discussion about it, in all honesty, I simply wanted—I wanted to be further enlightened. I didn't know you would pick on every single word I said and make me accountable for every possible thought that I had about the case.

If that's the way it is, then perhaps maybe I won't think or say things to try and discuss a case with you. I thought it was part of what we were supposed to do was to discuss things and every possibility. I had no idea that you were not really intending to enter into a discussion to make me accountable for every possible word I said. I'm sorry, too, that I discussed it with you.

MR. ESTES: I'm not trying to make you eat your words. All I'm trying to do is make an argument that you sustained the motion. That's all I'm trying to do. The transcript will show what you said, if I am wrong. If I'm wrong, I apologize now, if I am wrong.

THE COURT: Again, all I was trying to do was enter into a discussion with you about whether the motion should be sustained because I had really, in my mind, questioned about whether or not it should be. If I think—and I am prepared at this time to sustain the motion for that on the Murder First. And I was going to discuss something, and I'm sorry if I did that.

Now, as a matter of fact, because now you are picking on every word to try and make me accountable for even a discussion of the subject.

MR. ESTES: I remember the conversation differently. I'm not trying to make you accountable for every word. I'm trying to win.

THE COURT: I understand. I have to give Mr. Teer an indication so he has an opportunity to make a response because I was prepared to do that. Let it be said I have learned my lesson.

MR. TEER: In case the Court of Appeals even asks, it was my understanding you were reserving the ruling until you had an opportunity to look at case law. And you said, let's get case law.

MR. ESTES: I will state for the record, *I thought you already ruled before we had the discussion.*

THE COURT: *Even if I did,* it was improper because I wouldn't have given the State an opportunity to make a contrary argument and all I would be doing is simply indicating to the State there is merit to the argument and give me a response. And maybe I stated it the wrong way, but let it be said, I will never ever discuss this, will not have any further discussion on these kinds of things. That's all.

(Emphasis added).

In a motion for judgment of acquittal or in the alternative new trial defendant alleged the following:

1. The court errered [sic] in proceeding to trial on the Murder 1st charge in that the defendant was acquitted of Murder in the 1st degree when Judge Forder granted the defendant's request for a Judgement [sic] of Acquittal at the end of the State's case at the defendant's first trial which began on January 5th 1998 in Division 21 of the Circuit Court of the City of St. Louis. Judge Forder wrote sustained as to Murder in the 1st degree on the motion which the defendant filed asking for a Judgment of Acquittal at the close of the State's case. The double jeopardy clause prevents the conviction of a charge after acquittal. The defendant is entitled to be discharged or in the alternative a new trial should be granted on the charge of Murder in the Second degree. Entering Judgment on the Murder in the Second Degree would not be an adequate remedy in that the defendant has no priors and would therefore be subject to jury sentencing. The defendant would be entitled to a new trial on Murder in the Second degree charge so that the jury could consider the full range of punishment. Failure to grant either of these two requested reliefs will result in a violation of the double jeopardy clause of the 5th and 14th amendments to the United States Constitution and Article 1 Section 19 of the Missouri Constitution[.]

The parties both cite *Tibbs v. Florida,* 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982) for the proposition that "the Double Jeopardy Clause attaches special weight to judgments of acquittal. A verdict of not guilty, whether rendered by a jury or directed by the trial judge, absolutely shields the defendant from retrial." *Tibbs v. Florida,* 457 U.S. 31, 41, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). This is the only authority cited by the state in opposition to defendant's argument. It merely contends, as a question of fact, that Judge Forder did not sustain the motion for judgment of acquittal at the close of the state's case.

Defendant relies on additional authorities. He contends the prohibition against double jeopardy is "the most fundamental rule in the history of double jeopardy jurisprudence." *U.S. v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). "The bar against retrial after acquittal is absolute; it is not relevant if the acquittal was correct or incorrect." *Sanabria v. U.S.,* 437 U.S. 54, 70, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978) *citing Fong Foo v. U.S.,* 369 U.S. 141, 143, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962) ("[T]here is no exception permitting retrial once the defendant has been acquitted, no matter how 'egregiously erroneous' ").

The parties have cited no authority, which would support the conclusion that the oral announcement and the written notation sustaining the motion for judgment of acquittal at the close of the state's case was subject to reconsideration. There is no indication of how the parties could proceed without some ruling on the motion and the court did not overrule the motion before the defendant's evidence. We recognize that the state would have no standing to contend that the trial court erred. Inherent in a motion for a judgment of acquittal at the close of the state's evidence is that by definition it must be decided before further proceedings. In

fact, the trial court had a legal obligation to rule such a motion and did rule on the motion. Thus, the motion was not properly before the trial court after the close of all evidence.

Moreover, the trial court did not and the state does not contest defendant's observation that Judge Forder sustained the motion in writing, because she did not believe that any deliberation had been proved or that she rejected the state's request for an opportunity to present case law. She did not say she was "prepared to do that." She never expressed an interest in seeing "further case law." On the contrary, she replied to a request of the prosecutor, "I will rule on [the motion] at this time." There was no agreement her ruling was not a basis for double jeopardy to attach. Further, she told the defendant he could proceed on the assumption "that *I have dismissed* the charge of Murder First Degree."

The state does not dispute the observation of defense counsel, made for the record, that the court wrote "sustained" on the motion for judgment on acquittal and that she crossed it out after all of the defense and rebuttal evidence. The court noted "sustained" on the motion. That ruling was not changed during all of the testimony of defendant's witnesses, including defendant, and the testimony of a rebuttal witness for the state.

■ There is no issue about holding the trial judge "accountable for every possible word." The issue presented is whether the oral announcement and the written notation constitute a judgment of acquittal on the charged crime of murder first degree. The facts will support only one conclusion, the court sustained the motion for judgment of acquittal. The record will not support a finding, and the state has not argued, that defendant failed to preserve the constitutional issue or that it was waived. *See, e.g., State v. Elliott*, 987 S.W.2d 418, 420 (Mo.App. W.D.1999). It may be that the state recognizes that any act or failure to act which may be con-strued as a waiver of an absolute legal defense on retrial on the charge of murder first degree would be ineffective assistance of counsel, per se, where the court both orally and in writing sustained defendant's motion for judgment of acquittal on that offense.

Defendant's alternative points argue the trial court erred: (1) when it excluded certain evidence, (2) when it permitted the state to argue in closing argument matters not based upon evidence and not in retaliation; (3) when it permitted questions of the prosecuting attorney that implied incriminatory statements of defendant but were never supported by any evidence; and, (4) when it allowed closing argument that erroneously equated "knowledge" with "deliberation" and attempted to misdefine felony murder in terms other than those used in approved instructions. These points may or may not have merit. We do not reach them because they need not reappear on retrial. Our failure to address the points should not be construed as either an approval or a rejection on the merit of these points.

■ Defendant also raises a search and seizure question. We conclude there is evidence to support a finding of the trial court that defendant was arrested on outstanding traffic warrants before the search and the seizure of evidence offered by the state. Moreover, defendant testified that the police officer's testimony that there was a search and seizure was untrue as a search and seizure never occurred. We find no error in denying a motion to suppress and would reject this claim of error because the search was made after an arrest, which was presumptively lawful.

We reverse the conviction and sentence on the charge of murder first degree. The retrial on that charge was barred by federal constitutional double jeopardy provisions. The related armed criminal action does not stand alone and is also reversed. We remand to the trial court for a retrial on the lesser included offenses of the

charge of murder first degree and an armed criminal action charge related to the lesser included offenses.

WILLIAM H. CRANDALL, Jr., P.J. and MARY K. HOFF, J., concur.