STATE of Missouri, Respondent,

v.

Ervin L. GLASGOW, Appellant.

No. WD 68102.

Missouri Court of Appeals,
Western District.

April 29, 2008.

Jeannie Marie Willibey, Kansas City, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Shaun Mackelprang, Office of Attorney General, Jefferson City, MO, for respondent.

PAUL M. SPINDEN, Presiding Judge.

Ervin L. Glasgow appeals the circuit court's judgment convicting him of the Class C felony of stealing. He claims that the conviction violated his right to be free from double jeopardy because the circuit court had ruled orally that he was guilty of the Class A misdemeanor of stealing. He asserts that the oral ruling constituted an acquittal of the Class C felony of stealing.

We disagree and affirm the circuit court's judgment.

The State charged Glasgow as a prior offender of robbery in the second degree. Glasgow waived his right to a jury trial. After a trial before the judge, the circuit court announced from the bench:

> All right. Sir, the Court after review of all the evidence and the lesser includeds thereto, finds you guilty of the offense[—]lesser included offense[—]of stealing from the person.

> The Court orders a pre-sentence investigation in this case. I don't know whether the priors of this gentleman are sufficient to warrant it to be a Class D felony or not. But since the amount in controversy is less than $500, he's obviously guilty of a Class A misdemeanor.

> Again, subject to review of the priors and the case law, I don't know if it would be elevated to that of a Class D felony.

Before adjourning, the circuit court told the parties that it would prepare a formal order before ordering a pre-sentence investigation.

Three days later, the circuit court issued an order declaring that it was finding Glasgow guilty of stealing from the person, a Class C felony. The court acknowledged its earlier oral ruling and said, "The court previously announced in open court that Defendant was guilty of a Class A misdemeanor, but due [to] Defendant's status as a prior offender, the Court finds him guilty of a Class C Felony of Stealing from the Person."

Before sentencing, the circuit court issued an amended order in which it repeated its finding that Glasgow was guilty of stealing from the person, a Class C felony. In discussing its earlier oral ruling, the circuit court said, "The court previously announced in open court that Defendant was guilty of a Class A misdemeanor. This was incorrect."

The court began the sentencing hearing by reiterating that, when it announced its verdict in open court, it "had every intention of finding the Defendant guilty of stealing from the person." The court explained that, when it made the oral ruling, it was unsure whether stealing from the person was a misdemeanor or a felony. Before the circuit court sentenced him, Glasgow objected to the verdict on the basis that the circuit court's pronouncing him guilty of a misdemeanor and later finding that he was guilty of a felony violated his right to be free from double jeopardy. The circuit court overruled the objection.

 Whether or not the circuit court violated Glasgow's right to be free from double jeopardy, protected by the Fifth Amendment to the United States Constitution, is a question of law, which this court reviews *de novo*. *State v. Schumacher*, 85 S.W.3d 759, 761 (Mo.App.2002). The Fifth Amendment " 'protects against a second prosecution for the same offense after acquittal.' " *State v. Smith*, 988 S.W.2d 71, 77 (Mo.App.1999) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)). A guilty verdict for a lesser-included offense is, for double jeopardy purposes, an implied acquittal of the greater offense. *State v. Bally*, 869 S.W.2d 777, 778 (Mo.App.1994) (citing *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957)). Glasgow argues that, when the circuit court declared that he was guilty of a Class A misdemeanor, it acquitted him of the greater offense of the Class C felony.

 In determining whether or not a double jeopardy violation occurred, we examine the substance of the circuit court's ruling, rather than its form, to determine the precise nature of the ruling. *State v.*

*Neher*, 213 S.W.3d 44, 48 (Mo. banc 2007). In its oral ruling, the circuit court specifically said that, after reviewing the evidence and the lesser-included offenses for robbery in the second degree, it found Glasgow guilty of the lesser-included offense of "stealing from the person." The offense of "stealing from the person" is, by definition, a Class C felony. Section 570.030.3(2), RSMo Cum.Supp.2004, says, "Notwithstanding any other provision of law, any offense in which the value of property or services is an element is a class C felony if ... [t]he actor physically takes the property appropriated from the person of the victim[.]"

■ This extra element—that the actor physically took the appropriated property from the victim's person—is what elevates the stealing offense from a Class A misdemeanor to a Class C felony.[1] Had the court not found initially that Glasgow had physically taken property from Bryant's person but simply pronounced him guilty of a Class A misdemeanor of stealing, Glasgow's double jeopardy violation claim perhaps would have merit. In that situation, the circuit court's amended ruling classifying the offense as a Class C felony would have subjected Glasgow to post-acquittal fact-finding: the essential fact that Glasgow physically took property from the victim's person. "[W]hether the trial is to a jury or to the bench, subjecting the defendant to postacquittal factfinding proceedings going to guilt or innocence violates the Double Jeopardy Clause." *Smalis v. Pennsylvania*, 476 U.S. 140, 145, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986).

Post-acquittal fact-finding occurred in *Barnes v. State*, 9 S.W.3d 646 (Mo.App.

1999), the case upon which Glasgow primarily relies. In *Barnes*, the circuit court sustained the defendant's motion for acquittal at the close of the State's case on the charge of first-degree murder on the basis that the State had not proven deliberation. *Id.* at 647. The circuit court reversed its ruling at the close of all the evidence, however, and found that the State had proven deliberation. *Id.* at 648. This court's Eastern District held that the circuit court's original oral and written rulings to sustain the initial motion for acquittal were an acquittal on the first-degree murder charge. *Id.* at 651. Hence, the circuit court's subsequent determination that deliberation had been proven constituted post-acquittal fact-finding and violated his right to be free from double jeopardy.

■ In this case, by finding from the outset that Glasgow stole from Bryant's person, the court actually *found* Glasgow guilty of the offense that constitutes a Class C felony. It erroneously classified the offense as a Class A misdemeanor. The circuit court's amending its ruling to reflect the proper classification of the offense did not require it to find any additional facts. Thus, Glasgow was not subjected to prohibited post-acquittal fact-finding, and no double jeopardy violation occurred.

JAMES M. SMART, JR., Judge, and JOSEPH M. ELLIS, Judge, concur.

---

1. Section 570.030.1, RSMo Cum.Supp.2004, says, "A person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion." Section 570.030.8 prescribes the general penalty for stealing. It says, "Any violation of this section for which no other penalty is specified in this section is a class A misdemeanor."