**STATE of Missouri, Appellant,**

v.

**Lamarr DAVIS, Respondent.**

**No. WD 55026.**

Missouri Court of Appeals,
Western District.

March 2, 1999.

Peggy E. Gustafson, Asst. Pros. Atty., Kansas City, for Appellant.

Carol Coe, Kansas City, for Respondent.

Before RIEDERER, P.J., ULRICH and LAURA DENVIR STITH, JJ.

RIEDERER, Judge.

The State of Missouri appeals from the trial court's dismissal of criminal charges for lack of jurisdiction against Lamarr Davis, a juvenile. Because we find that the trial court retained jurisdiction over Respondent pursuant to § 211.071.9, we reverse and remand for further proceedings consistent with this opinion.

### Facts

In September of 1995, Respondent, age sixteen, was certified by Jackson County Family Court to stand trial as an adult in case number CR95–6545, pursuant to § 211.071.[1] On October 19, 1995, the State dismissed the charges before a preliminary hearing was held. Approximately a month later, on November 20, 1995, Respondent was charged in case number CR96–71471, for other unrelated charges. Respondent was not re-certified by the Jackson County Family Court prior to being charged in the circuit court. On September 29, 1997, the case was called for trial. Defense counsel made an oral motion to dismiss, alleging that the Circuit Court of Jackson County did not have jurisdiction over Respondent. The trial court granted the motion, and stated in its order of dismissal:

---

1. All statutory references are to RSMo.1994, un- less otherwise indicated.

It is the opinion of the Court that the State's dismissal of defendant's 1995 case in which he was certified as an adult brings defendant's alleged conduct in case number CR96–71471 within the parameters of sub-section 10 of § 211.071 just as if defendant had been found not guilty in the 1995 case. As this defendant was never certified by the family court to stand trial as an adult for the crimes he is charged with in case number CR96–71471 this court has no jurisdiction over the defendant.

## Standard of Review

■■■ We review a trial court's dismissal of an action for lack of jurisdiction for an abuse of discretion. *Wibberg v. State,* 957 S.W.2d 504, 506 (Mo.App.1997). "An abuse of discretion is found when a ruling clearly violates the logic of the circumstances or is arbitrary or unreasonable." *Id.* (quoting, *Rust v. Hammons,* 929 S.W.2d 834, 837 (Mo. App.1996).

## I.

The State contends on appeal that the trial court erred in dismissing the criminal charges against Respondent, claiming that the juvenile court's jurisdiction over Respondent had been terminated, and that there had been no finding of not guilty, which was required under § 211.071 to reinstate jurisdiction in the juvenile court.

Pursuant to § 211.071, if a petition alleges that a child between the ages of twelve and seventeen has committed an offense that would be considered a felony if committed by an adult, the juvenile court can order a hearing, and in its discretion, dismiss the petition, and transfer jurisdiction to the court of general jurisdiction. The two specific statutory provisions at issue in this case are as follows:

Section 211.071.9: When a petition has been dismissed thereby permitting a child to be prosecuted under the general law, the jurisdiction of the juvenile court over that child is forever terminated, except as provided in subsection 10 of this section, for an act that would be a violation of state law or municipal ordinance.

Section 211.071.10: If a petition has been dismissed thereby permitting a child to be prosecuted under the general law and the child is found not guilty by a court of general jurisdiction, the juvenile court shall have jurisdiction over any later offense committed by that child which would be considered a misdemeanor or felony if committed by an adult, subject to the certification provisions of this section.

Respondent asserts that the question before the court is whether the dismissal of the charges by the State in case number CR95–6545 is tantamount to a finding of not guilty, such that jurisdiction over Respondent reverted to the juvenile court, requiring re-certification.

On its face, the trial court's ruling that it lacked jurisdiction appears to be reasonable since Respondent was not certified by the family court to stand trial as an adult for the crimes with which he was charged in case number CR96–71471. However, the trial court's determination is based on its conclusion that § 211.071.10 applies in this situation, "just as if defendant had been found not guilty in the 1995 case." We disagree. The charges against defendant in the 1995 case were dismissed. There was not a finding of not guilty. Section 211.071.10 does not apply unless there is such a finding.

■■■ "The primary rule of statutory construction requires a court to ascertain legislative intent by considering the plain and ordinary meaning of words used in the statute, and when the language of a statute is clear and unambiguous, there is no room for construction." *State of Kansas, Secretary of SRS v. Briggs,* 925 S.W.2d 892, 895 (Mo.App. 1996). To determine whether a statute is clear and unambiguous, this court looks to whether the language is plain and clear to a person of ordinary intelligence. *Wheeler v. Board of Police Com'rs of Kansas City,* 918 S.W.2d 800, 803 (Mo.App.1996). The court will only look past the plain and ordinary meaning of a statute when the language is ambiguous or leads to an illogical result. *Id.*

■■■ We find the language of § 211.071.9 and § 211.071.10 to be clear and unambiguous. Read together, § 211.071.9 and § 211.071.10 state that if a petition has been dismissed, thereby permitting a child to be

prosecuted under the general law, the jurisdiction of the juvenile court over that child is forever terminated, except that if the child is found not guilty by a court of general jurisdiction, the juvenile court shall have jurisdiction over any later offense committed by that child. Section 211.071.9 and § 211.071.10 explicitly state that the juvenile court loses jurisdiction over a child permanently unless the child is found not guilty on the charges for which he or she was certified. The statute lists no conditions under which the juvenile court regains jurisdiction other than a finding of "not guilty by the court of general jurisdiction."

■ In this case, the charges Respondent was originally certified for were dismissed. There was no finding of not guilty. There is a significant distinction between a finding of not guilty and a dismissal. An acquittal and a finding of not guilty are synonymous. *See* Black's Law Dictionary, 6th Ed. (1990). However, a dismissal is not the functional equivalent of an acquittal. *State v. Bally*, 869 S.W.2d 777, 779 (Mo.App.1994). In *Bally*, the court concluded that a *nolle prosequi* entered in that case was not an acquittal, but rather a dismissal without prejudice. *Id.* The court in *Bally* stated:

> [T]he entry of a nolle prosequi ... was not an acquittal and ... did not place the defendant in jeopardy.... In the ancient and hortatory language of lawyers the effect of a nolle prosequi " ' "is to put the defendant without day, that is, he is discharged and permitted to leave the Court without entering into a recognizance to appear at any other time; but it does not operate as an acquittal, for he may afterwards be again indicted for the same offense, or fresh process may be issued against him upon the same indictment and he be tried upon it...." ' "

*Id.*(quoting, *State v. Berry*, 298 S.W.2d 429, 431–32 (Mo.1957)). Furthermore, the dismissal by the State resulted in no action at all "by a court of general jurisdiction."

Since a dismissal is not the same as a finding of not guilty, the exception in § 211.071.10 does not apply when there is a dismissal, and the trial court retained jurisdiction over Respondent pursuant to

§ 211.071.9. Had the legislature intended a dismissal to cause reversion of jurisdiction to the juvenile court, it would have been included in the language of § 211.071.10. To find otherwise would be contrary to the plain meaning of § 211.071.10.

Reversed and remanded for further proceedings consistent with this opinion.

All concur.