**STATE of Missouri, Appellant,**

v.

**K.J., Respondent.**

**No. WD 60655.**

Missouri Court of Appeals, Western District.

Feb. 18, 2003.

Rebecca Rivers, Kansas City, MO, for Appellant.

John M. Schilmoeller, Kansas City, MO, for Respondent.

Before LOWENSTEIN, P.J., SMART and NEWTON, JJ.

HAROLD L. LOWENSTEIN, Judge.

■ This case presents a vexing question: Under Missouri law, does a juvenile,

once certified to stand trial as an adult on a criminal charge that the State never files charges upon in circuit court, have the ability to later contest that original certification in response to different charges filed in adult court? The State of Missouri appeals from a circuit court order and judgment granting respondent K.J.'s [1] motion to dismiss an information, or in the alternative, to remand the criminal cause to the juvenile division of the circuit court. As stated above, the issues on appeal involve the certification of a juvenile to a court of general jurisdiction, and the juvenile's ability to appeal that prior certification if charges are never brought and the juvenile is charged for other crimes at a later date. As discussed *infra*, statutory and common law indicates a certification can only be negated upon a finding of not guilty in adult court and that certification of a juvenile by a juvenile court is an interlocutory ruling.

### Factual and Procedural History

In JV99–01625, the State alleged in Family Court that on November 11, 1999, respondent, K.J., then age fourteen, committed the offenses of distribution of a controlled substance near a school, § 195.214, RSMo 1999, and trafficking in the second degree, § 195.223. On January 11, 2000, K.J. was certified by the Circuit Court of Jackson County, Family Court Division, to stand trial as an adult. Although certified, the State has never filed those charges against K.J.

On July 5, 2001, in CR01–01944, the State, relying on the certification, filed charges in the circuit court alleging K.J., then age fifteen, committed a new offense,

trafficking in the second degree, § 195.223 RSMo 2000, a class B felony. The information alleged that on January 4, 2001, K.J. possessed two or more grams of a substance containing cocaine base. K.J. subsequently filed a motion to dismiss this information, or in the alternative, to remand the cause to the juvenile division. After a hearing on the matter the circuit court dismissed the cause for lack of jurisdiction. The State appeals.

### I.

The State argues in its sole point that the trial court erred in finding that it lacked jurisdiction over defendant's new charges in CR01–01944 because the juvenile court waived jurisdiction under § 211.071.9 [2] in JV99–01625 when it certified defendant to stand trial in a court of general jurisdiction, and the State's decision not to seek an indictment in JV99–01625 is not the same as a finding of not guilty under § 211.071.10.

■ An appellate court reviews a trial court's dismissal of an action for lack of jurisdiction for an abuse of discretion. *State v. Davis*, 988 S.W.2d 68, 70 (Mo.App. 1999). If a ruling clearly violates the logic of the circumstances or is arbitrary or unreasonable, it is an abuse of discretion. *Wibberg v. State*, 957 S.W.2d 504, 506 (Mo. App.1997).

Section 211.071 sets forth the procedure for certifying a child as an adult. Pertinent sections of 211.071 state as follows:

1. If a petition alleges that a child between the ages of twelve and seventeen has committed an offense which would be considered a felony if committed by an adult, the court may, upon its

1. The defendant's initials are used here to ensure confidentiality

2. Section 211.071 was amended in 1995. The version of § 211.071 in effect on November 11, 1999 (the date of the alleged offenses in JV99–01625), and on January 4, 2001 (the date of the alleged offense in CR01–01944), is the same.

own motion or upon motion by the juvenile officer, the child or the child's custodian, order a hearing and may, in its discretion, dismiss the petition and such child may be transferred to the court of general jurisdiction and prosecuted under the general law[.] . . .

9. *When a petition has been dismissed thereby permitting a child to be prosecuted under the general law, the jurisdiction of the juvenile court over that child is forever terminated, except as provided in subsection 10 of this section,* for an act that would be a violation of a state law or municipal ordinance.

10. *If a petition has been dismissed thereby permitting a child to be prosecuted under the general law and the child is found not guilty by a court of general jurisdiction, the juvenile court shall have jurisdiction over any later offense* committed by that child which would be considered a misdemeanor or felony if committed by an adult, subject to the certification provisions of this section.

(Emphasis added).

In the case at bar, in January of 1999, based on the grant of the certification motion, the juvenile court dismissed the petition to permit prosecution of K.J. in the circuit court. To reiterate, that although certified, the State never filed in circuit court those charges against K.J. In July of 2001, when the State filed on information charging K.J. in circuit court with a new and different offense of trafficking in the second degree, K.J. filed a motion to dismiss the information for lack of jurisdiction, or in the alternative, to remand the cause back to the juvenile division.

K.J. pointed out his inability to appeal the certification and set forth the errors committed by the juvenile court in the certification proceedings in the juvenile case of 1999. The State cited *Davis,* 988 S.W.2d 68, in its response, arguing that because K.J. had been certified as an adult in JV99–01625, the juvenile court had forever terminated its jurisdiction over K.J. The State also noted that, pursuant to § 217.071.10, the only way the juvenile court could have regained jurisdiction over K.J., would be if K.J. had been found not guilty in the court of general jurisdiction in the case in which K.J. had been certified. The State argued that its decision not to charge K.J. following his certification in JV99–01625 was not the equivalent of a finding of not guilty.

At the hearing on K.J.'s motion to dismiss, the court aptly stated that it was faced with a dilemma:

All right. I've looked at case law, in particular State versus Davis, 988 S.W.2d 68, Mo.App. Western District 1999, which was similar to the extent that a juvenile was certified and charges were filed but the state dismissed it. The Court of Appeals said that the dismissal is not like a not guilty and under Section 211.071.10 the certification was proper. So the issue here—and the dilemma I have here is that the law clearly states that there is no direct appeal on an order of a juvenile court relinquishing jurisdiction over a child so that they can be prosecuted under general law.

Looking at State versus Abbott, 654 S.W.2d 260, at page 273, the case goes on to say that the method of reviewing such an order is by motion to dismiss the Indictment in the trial court.

The dilemma I have here is if the state, after certification, chose not to file an Information or Indictment, then the juvenile is without any relief to attack the certification. So now, a year later, he comes before the court on another set of charges. The question then becomes

whether or not he can litigate the certification at this juncture or has he lost his right to do so? I find it difficult to believe that one can file a motion to dismiss something that hasn't been filed.

So I don't know what the status is, but I do think that the statute allowing for children to be prosecuted as an adult, after a certification, does not state clearly what we do under these factual circumstances. And I have told the parties that my intention is to dismiss this case for lack of jurisdiction, and I am inviting the state to litigate this at the Court of Appeals on two bases: Number one, does the court genuinely have jurisdiction given that the certification met with no result? There was no Information filed and no disposition on that case. And it is the court's opinion at this juncture that it is without jurisdiction to proceed with these cases and that potentially these cases should be remanded to the juvenile division. . . .

The trial court's frustration was evidenced by language in the judgment to the effect that, since the original case was never filed, the court was justified in concluding this was equivalent to a finding of not guilty. This court notes the situation here creates a dead zone—the child is ordered certified (an interlocutory ruling) but the state does nothing. Allowing the State's argument to hold sway, the child would forever be branded as an adult and banished from the protections of juvenile court on any future offenses, and can never be heard to question the certification pronounced earlier in juvenile court.

This case presents two issues. First, the trial court is correct in that a dismissal of a petition in juvenile court to allow a prosecution under the general law pursuant to § 211.071 (certification) is not a final order from which an appeal is allowed. *State v. Thomas*, 970 S.W.2d 425, 425 (Mo.

App.1998) (citing *In re T.J.H.*, 479 S.W.2d 433, 434 (Mo. banc 1972)). "[T]he *exclusive* method for review of a Juvenile Division's order is to file a motion to dismiss the indictment in the court of general jurisdiction." *Id.* (Emphasis added). The ultimate problem here is that after K.J. was certified in the first case, the State never filed any charges against him. As such, K.J. did not have the ability to appeal the certification via a motion to dismiss the indictment because no indictment was filed.

Second, under the language of subsections 9 and 10 of § 211.071, when a petition has been dismissed in the juvenile court, allowing prosecution under the general law, the jurisdiction of the juvenile court over that child is "forever terminated" unless in that case the child is found *not guilty* by a court of general jurisdiction. If the juvenile is found not guilty, the juvenile court shall have jurisdiction over any later offense. The issue of what happens when the State certifies a juvenile and then dismisses the charges was addressed in *Davis.* The precise issue here of non-action following the certified offense for over a year, and the effect thereof on later offenses, has not been squarely addressed.

In *Davis,* the defendant was certified to stand trial as an adult. 988 S.W.2d at 69. The defendant was charged; however, the charges were dismissed prior to a preliminary hearing. *Id.* Approximately a month later, the defendant was charged with new unrelated charges. *Id.* He was not recertified prior to being charged in the circuit court. *Id.* Prior to trial, the defense counsel made an oral motion to dismiss, alleging that the circuit court did not have jurisdiction over the defendant. *Id.* The trial court granted the motion, finding that subsection 10 of § 211.071 applied just as if defendant had been found not guilty.

*Id.* at 69–70. This court reversed, holding that a dismissal is not the same as a finding of not guilty, and that "the exception in § 211.071.10 does not apply when there is a dismissal." *Id.* at 71. "Had the legislature intended a dismissal to cause reversion of jurisdiction to the juvenile court, it would have been included in the language of § 211.071.10. To find otherwise would be contrary to the plain meaning of § 211.071.10." *Id.*

This case is different from *Davis* because, although K.J. was certified to stand trial as an adult *for the juvenile offenses,* charges were *never* filed. Thus, K.J. did not have a method by which to appeal the certification because the "exclusive method" is by filing a motion to dismiss the indictment. *Thomas,* 970 S.W.2d at 425. Filing a motion to dismiss the indictment was not possible since no indictment was ever filed.

In reading the language of § 277.071.9 and § 277.071.10, it appears the legislature did not contemplate this factual situation. The reasoning in *Davis,* 988 S.W.2d at 71, that the language of § 277.071.9 and § 277.071.10 is clear and unambiguous that a juvenile court loses jurisdiction over a child permanently unless the child is found *not guilty,* does not solve the issue of K.J.'s inability in this factual scenario to appeal the certification, entered on the case that never resulted in a *filing,* that placed him in the court of general jurisdiction in the first place. K.J.'s inability to appeal or seek relief from the certification appears to violate his right to due process of law guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, section 10 of the Missouri Constitution.

Because the dismissal of a petition in juvenile court to allow prosecution under the general law pursuant to § 277.071 is considered interlocutory, K.J. has no

method to appeal the certification, since the only means to do so (a motion to dismiss the indictment) is not available to him in that no indictment was ever filed. Although the previously quoted sections of § 211.071 are silent on the failure of the State to file, it must be noted that all the language is predicated on the State doing something, i.e., filing in general court. Where that is not done, to ameliorate the permanence of the effect of certification where the State is inert, this court rules that the certification cannot stand. Allowing the juvenile to contest the certification under these charges, filed a year later in this case, is not a viable solution or alternative.

The child welfare policy of the State of Missouri is what is in the best interests of the child. § 211.011. A ruling under these facts, which would result in a loss of jurisdiction over the juvenile by the juvenile court while resting exclusive jurisdiction in "adult court," is at odds with the purpose of the child welfare policy of Missouri. The inability of a juvenile, under the facts present in this case, to ever appeal or get review of his or her prior certification to a court of general jurisdiction due to the language of a statute and case law that makes the only means of appeal not possible, presents a distinctive problem which is fraught with due process problems, and, therefore not in the best interest of a juvenile defendant. *T.J.H.,* 479 S.W.2d at 435–37 (Seiler, J. dissenting). The judgment remanding this case to the juvenile court is affirmed. On remand, the State may seek to certify the defendant and allow the State to file this case in a court of general jurisdiction.

All concur.