ACCEPTED
12-14-00325-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
5/8/2015 12:23:23 PM
CATHY LUSK
CLERK

**12-14-00325-CR**

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
5/8/2015 12:23:23 PM
CATHY S. LUSK
Clerk

## IN THE TWELFTH COURT OF APPEALS
## TYLER, TEXAS

**TIMOTHY CORTEZ CHOICE**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

**FILED**

5/8/2015

**Twelfth Court of Appeals
Cathy Lusk
Clerk**

On Appeal from the 241st District Court, Smith County, Texas
Trial Cause No. 241-1215-13

**ORAL ARGUMENT NOT REQUESTED**

Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

# IDENTITY OF PARTIES AND COUNSEL

**Attorney for Appellant**

Appellate Counsel:
Austin Reeve Jackson
112 East Line, Suite 310
Tyler, TX 75702

Trial Counsel:
Clifton Roberson
100 E. Ferguson, Suite 1104
Tyler, TX 75702

**Attorney for the State on Appeal**

Michael J. West
Assistant District Attorney, Smith County
4th Floor, Courthouse
100 North Broadway
Tyler, TX 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL .........................................................................ii

TABLE OF CONTENTS.....................................................................................................iii

INDEX OF AUTHORITIES ............................................................................................. iv

STATEMENT OF THE CASE............................................................................................ 2

ISSUES PRESENTED ........................................................................................................ 2

STATEMENT OF FACTS .................................................................................................. 3

SUMMARY OF THE ARGUMENT ................................................................................. 4

ARGUMENT ...................................................................................................................... 4

    **I.**    **JURISDICTION** ................................................................................................ 4

    **II.**    **THERE WERE NO ERRORS IN *VOIR DIRE*** ............................................ 5

    **III.**    **THE EVIDENCE WAS LEGALLY SUFFICIENT TO SUPPORT THE VERDICT** .......................................................................................... 5

    **IV.**    **POTENTIAL EVIDENTIARY ISSUES** ...................................................... 8

    **V.**    **PUNISHMENT** ............................................................................................. 9

    **VI.**    **EFFECTIVE ASSITANCE OF COUNSEL**.................................................. 10

CONCLUSION AND PRAYER ....................................................................................... 11

CERTIFICATE OF SERVICE ......................................................................................... 12

CERTIFICATE OF COUNSEL ....................................................................................... 12

CERTIFICATE OF COMPLIANCE................................................................................. 13

# INDEX OF AUTHORITIES

**UNITED STATES SUPREME COURT:**

*Anders v. California*,
  386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)..................................4, 11, 12

*Jackson v. Virginia*,
  443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)...................................5, 8

*Solem v. Helm*,
  463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)..................................9

*Strickland v. Washington*,
  466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984)..................................10


**FEDERAL COURTS OF APPEAL:**

*McGruder v. Puckett*,
  954 F.2d 313 (5th Cir. 1992) ......................................................................9


**TEXAS COURT OF CRIMINAL APPEALS:**

*Brooks v. State*,
  323 S.W.3d 893 (Tex.Crim.App. 2010) .......................................................5

*Cannon v. State*,
  668 S.W.2d 401 (Tex.Crim.App. 1984) .......................................................11

*Curry v. State*,
  30 S.W.3d 394 (Tex.Crim.App. 2000) .........................................................8

*Dewberry v. State*,
  4 S.W.3d 735 (Tex.Crim.App. 1999) ...........................................................7

*Gamboa v. State*,
  296 S.W.3d 574 (Tex.Crim.App. 2009) .......................................................5

## TEXAS COURT OF CRIMINAL APPEALS (CON'T):

*Ganious v. State*,
  436 S.W.2d 137 (Tex.Crim.App. 1969) ........................................................2

*Harris v. State*,
  656 S.W.2d 481 (Tex.Crim.App. 1983) ........................................................9

*Hernandez v. State*,
  988 S.W.2d 70 (Tex.Crim.App. 1999) ........................................................10

*Johnson v. State*,
  871 S.W.2d 183 (Tex.Crim.App. 1993) ....................................................5-6

*Johnson v. State*,
  614 S.W.2d 148 (Tex.Crim.App. 1981) ................................................ 10-11

*Jones v. State*,
  982 S.W.2d 386 (Tex.Crim.App. 1998) ........................................................5

*Jordan v. State*,
  495 S.W.2d 949 (Tex.Crim.App. 1973) ........................................................9

*Miniel v. State*,
  831 S.W.2d 310 (Tex.Crim.App. 1992) ......................................................10

*Moore v. State*,
  694 S.W.2d 528 (Tex.Crim.App. 1985) ......................................................10

*Murray v. State*,
  302 S.W.2d 874 (Tex.Crim.App. 2009) ........................................................4

*Rhodes v. State*,
  934 S.W.2d 113 (Tex.Crim.App. 1996) ........................................................9

*Rodriguez v. State*,
  899 S.W.2d 658 (Tex.Crim.App. 1995) ......................................................11

*Stafford v. State*,
  813 S.W.2d 503 (Tex.Crim.App. 1991) ......................................................11

## TEXAS COURTS OF APPEAL:

*Beltran v. State*,
  99 S.W.3d 807 (Tex.App.—Houston [14th Dist.] 2003)..............................5

*Castaneda v. State*,
  135 S.W.3d 719 (Tex.App.—Dallas 2003) .......................................9

*Cervantes v. State*,
  No. 05-08-00124-CR,
  2009 WL 330249 (Tex.App.—Dallas 2009) ......................................7

*Davilla v. State*,
  No. 04-99-00334-CR,
  2001 WL 322055 (Tex.App.—San Antonio 2001) .......................................8

*Hernandez v. State*,
  No. 07-000374-CR,
  2001 WL 574738 (Tex.App.—Amarillo 2001) .............................................7

*Kirk v. State*,
  949 S.W.2d 769 (Tex.App.—Dallas 1997 ) ....................................9

*Mays v. State*,
  904 S.W.2d 290 (Tex.App.—Fort Worth 1995).............................................4

*McCulloch v. State*,
  39 S.W.3d 678 (Tex.App.—Beaumont 2001) ..................................................

*Moore v. State*,
  54 S.W.3d 529 (Tex.App.—Fort Worth 2001)..............................................9

*Webb v. State*,
  No. 01-11-00403-CR,
  2012 WL 1564298 (Tex.App.—Houston [1st Dist.] 2012 ...........................7

*Winchester v. State*,
  246 S.W.3d 386 (Tex.App.—Amarillo 2008) ..............................................10

**STATUTES:**

TEX. CODE CRIM. PROC. art. 4.05 ....................................................... 4

TEX. PEN. CODE § 1.07 ...................................................................... 7

TEX. PEN. CODE § 12.32 .................................................................... 9

TEX. PEN. CODE § 22.04 ................................................................. 4, 9

TEX. R. APP. PROC. 33.1 ................................................................. 5, 9

**12-14-00325-CR**

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**TIMOTHY CORTEZ CHOICE**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the 241st District Court, Smith County, Texas
Trial Cause No. 241-1215-13

**TO THE HONORABLE JUSTICES OF THE COURT:**

COMES NOW, Austin Reeve Jackson, attorney for Timothy Choice, and files this brief pursuant to the TEXAS RULES OF APPELLATE PROCEDURE, and would show the Court as follows:

## STATEMENT OF THE CASE

Timothy Choice, Jr., seeks to appeal his conviction and sentence for the offense of Injury to a child. (I CR 102). Mr. Choice was indicted for this offense in the 241st District Court of Smith County in September of 2013. (I CR 2). In response to this charge he entered a plea of "not guilty" and elected to have a trial by jury. (I CR 102). In the end, the jury found him to be guilty and sentenced him to serve a term of fifty years' confinement. (*Id*.). Sentence was pronounced on 23 October 2014 and notice of appeal then timely filed. (I CR 102, 118).

## ISSUES PRESENTED

Counsel has reviewed the appellate record in this cause and reluctantly concludes that as a matter of professional judgment the record contains no reversible error and no jurisdictional defects are present. Where counsel concludes that there are no arguable grounds for reversal, he is required to present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Ganious v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969).

2

## STATEMENT OF FACTS

On the morning of 1 July 2013, Toni Martin awoke to find burns on the feet and legs of her then two-year-old son, J.M. (III RR 26-27). Ms. Martin thought back to the prior day when, shortly after she left to go to work the night shift at a local restaurant J.M.'s father, Appellant, Timothy Choice, had called her and told her that J.M. "had used the bathroom on himself and that he had gave him a whipping and gave him a bath." (III RR 32). When she asked Mr. Choice if he knew what caused the burns his response was "it might have been from the bath" he had given J.M. the night before. (III RR 48).

Ms. Martin made the decision to take J.M. to the hospital and a subsequent investigation by CPS and treating physicians led them to conclude, based on the nature and location of the burns, that someone had intentionally held J.M.'s feet under extremely hot water. (III RR 135; V RR 70). Because he had admitted to bathing the child and attempting to treat the burns subsequent to the bath, Mr. Choice was charged with the felony offense of injury to a child. (III RR 32, 44, 48).

To this charge Mr. Choice entered a plea of "not guilty" and elected to have a trial by jury. (I CR 102). Trail was held in October of 2014 and after finding him to be guilty, the jury imposed punishment at fifty year's confinement. (*Id*.). In the end, the jury found him to be guilty and sentenced him to serve a term of

3

fifty years' confinement. (*Id.*). Sentence was pronounced on 23 October 2014 and notice of appeal then timely filed. (I CR 102, 118).

## SUMMARY OF ARGUMENT

In accordance with the requirements of *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), counsel has reviewed the record and determined that, in his professional opinion, the record contains no reversible error or jurisdictional defects. Under circumstances where there appears to be no arguable grounds for reversal on appeal, counsel is required to present a professional evaluation of the record supporting this assertion. *See Mays v. State*, 904 S.W.2d 290, 922-23, (Tex.App.—Fort Worth 1995, no pet.).

## ARGUMENT

### I. JURISDICTION

The offense of injury to a child is a felony offense. TEX. PEN. CODE § 22.04. Therefore, jurisdiction properly rested with the 241st District Court of Smith County, Texas. *See* TEX. CODE CRIM. PROC. art. 4.04 (Vernon 2007) (stating that district courts shall have original jurisdiction in felony criminal cases); *Murray v. State*, 302 S.W.2d 874, 877 (Tex.Crim.App. 2009). Additionally, because it alleged all of the essential elements of the charged offense, the indictment returned in this case provided Mr. Choice with sufficient notice of the offense with which he was charged. (I CR 2); *see also* TEX. PEN. CODE § 22.04 (elements of the

offense).  Consequently, no error regarding the trial court's jurisdiction can be advanced.

## II.  THERE WERE NO ERRORS IN *VOIR DIRE*.

Counsel has reviewed that portion of the record pertaining to *voir dire* for errors and has found none.  Without exception, all challenges for cause were agreed and made without objection.  (II RR 162, 163, 164, 165, 170, 172, 184).  As a result, Mr. Choice cannot show that in any way the jury being impaneled was not lawfully constituted.  *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex.Crim.App. 2009); *Jones v. State*, 982 S.W.2d 386, 394 (Tex.Crim.App. 1998).  Finally, the record does not present any objections to statements or actions by the State that would warrant a reversal of Appellant's conviction on appeal.  *See* TEX. R. APP. PROC. 33.1;  *Beltran v. State*, 99 S.W.3d 807, 811-12 (Tex.App.—Houston [14th Dist.] 2003, pet. ref'd).

## III.  THE EVIDENCE WAS LEGALLY SUFFICIENT TO SUPPORT THE VERDICT.

The standard enunciated in *Jackson v. Virginia*[1] is the one by which sufficiency of the evidence challenges are measured.  *Brooks v. State*, 323 S.W.3d 893, 895 (Tex.Crim.App. 2010).  That is, in order to be legally sufficient the evidence at trial must support a rational conclusion that each element of the charged offense was proved beyond a reasonable doubt.  *Johnson v. State*, 871

---

[1] 443 U.S. 307, 315-16, 99 S.Ct. 2781, 2786-87, 61 L.Ed.2d 560 (1979).

S.W.2d 183, 186 (Tex.Crim.App. 1993). Under this standard the record is reviewed in the light most favorable to the verdict. *Id*.

At trial the State was required to prove that on or about the date alleged in the indictment Mr. Choice intentionally or knowingly caused serious bodily injury to J.M., a child younger than fourteen, by placing him in hot water. (I CR 2). The date and identities of J.M. and Mr. Choice were not challenged.

As to whether Mr. Choice intentionally or knowingly placed J.M.'s legs in hot water the State relied on testimony from a witness in Mr. Choice's home who testified that she saw Mr. Choice running the bathwater for J.M. after J.M. had urinated on himself. (III RR 110). As she left the house on the day this incident occurred she stated she specifically saw Mr. Choice take J.M. "to the bathroom to take a bath." (III RR 111). Another witness who had also been in the home corroborated this testimony through her statements that, after the fact, Mr. Choice told her J.M. "had used the bathroom on himself and that he had gave him a whipping and gave him a bath." (III RR 32). When this witness questioned Mr. Choice about the burns on J.M.'s legs, he replied they "might have ben from the bath that he had gave him the night before." (III RR 48).

From this evidence a jury could have reasonably concluded that it was Mr. Choice who placed J.M. in the bathwater. Then, turning to the medical evidence, the jury could have considered testimony from medical experts that the nature of

6

the burns indicated "forced immersion; someone holding the child or putting the child into that hot substance causing the injuries." (V RR 26). And while there was some disagreement among the doctors as to whether this was actually an immersion injury, the jury was free to resolve hose conflicts in favor of a finding that supported the verdict. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999).

Finally, the State was required to prove that serious bodily injury occurred and that the hot water used in this act constituted a deadly weapon. (I CR 2). There was testimony from at least two sources that the burns J.M. suffered were both serious and permanent injuries. (III RR 135; V RR 40); *see* TEX. PEN. CODE § 1.07(a)(46) (defining "serious bodily injury). As to the deadly weapon issue, water is not a deadly weapon per se, however, courts have recognized that water can be a deadly weapon in similar situations. *See, e.g., Webb v. State*, No. 01-11-00403-CR, 2012 WL 1564298 at *8 (Tex.App.—Houston [1st Dist.] Sep. 19, 2012, pet. ref'd) (not designated for publication); *Cervantes v. State*, No. 05-08-00124-CR, 2009 WL 330249 (Tex.App.—Dallas Feb. 11, 2009, no pet.) (not designated for publication); *Hernandez v. State*, No. 07-000374-CR, 2001 WL 574738 (Tex.App.—Amarillo May 29, 2001, no pet.) (not designated for publication) (unpublished cases cited for reference only).

7

Consequently, taking the record before the Court as a whole, and viewing the evidence in the light most favorable to the jury's verdict, it cannot be said on appeal that the evidence was legally insufficient to support the judgment rendered at trial. *See Jackson*, 443 U.S. at 319 (standard of review); *see also King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App. 2002) (on appeal court will not reweigh evidence); *Curry v. State*, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000) (any inconsistencies that may be present are resolved in favor of the verdict).

## IV. POTENTIAL EVIDENTIARY ISSUES

The one potential evidentiary issue that may have proved substantive on appeal centers on the State's admission into evidence of a resume of one of their expert witnesses and a copy of his medical report. (V RR 14, 24). However, even if it should not have been admitted, the substance of what was in those documents was testified to without objection and, at least as to the medical report information, was testified to by other witnesses without objection. (V RR 50-84). As such, any objection would be deemed waived on appeal and the trial court's erroneous ruling on the same harmless. *See, e.g., Davila v. State*, 04-99-00334-CR, 2001 WL 322055 (Tex.App.—San Antonio April 4, 2001, no pet.) (not designated for publication) (cited for reference only) (court reviewing same situation involving a doctor's report on child abuse or neglect).

## V. **PUNISHMENT.**

As alleged, the offense of injury to a child is a first degree felony. (I CR 2); TEX. PEN. CODE § 22.04(e). Consequently, the applicable range of punishment was a term of confinement for five years to life. TEX. PEN. CODE § 12.32.

Mr. Choice was sentenced to serve fifty years' confinement. (VI RR 83). As such, although the issue of cruel or excessive punishment was not raised at the time sentence was imposed and, therefore, has been waived on appeal, *see* TEX. R. APP. PROC. 33.1(a)(1); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex.App.—Dallas 2003, no pet.), because the sentence imposed was within the statutory punishment range for the offense it is presumptively not constitutionally cruel and unusual under these circumstances. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex.App.—Dallas 1997, pet. ref'd); *see also Harris v. State*, 656 S.W.2d 481, 486 (Tex.Crim.App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex.Crim.App. 1973).

Moreover, on appeal the Court would consider the nature of the offense for which Mr. Choice was being sentenced along with his personal criminal history, which was none, and other circumstances surrounding the offense. *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 3008-09, 77 L.Ed.2d 637 (1983); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *Moore v. State*, 54 S.W.3d 529, 542 (Tex.App.—Fort Worth 2001, pet. ref'd). Even so, given the record before the

Court it cannot be argued that the imposed sentence was grossly disproportionate to the point that it violated the Eighth Amendment. *See Winchester v. State*, 246 S.W.3d 386, 390 (Tex.App.—Amarillo 2008, pet. ref'd).

## VI. EFFECTIVE ASSISTANCE OF COUNSEL.

Effective assistance of counsel is to be evaluated under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984); *see also, Hernandez v. State*, 988 S.W.2d 70 (Tex.Crim.App. 1999). To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that, but for trial counsel's alleged errors, the result would have been different. *Strickland*, 466 U.S. at 687-88. On appeal, the defendant carries the burden of proving ineffective assistance by a preponderance of the evidence. *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App. 1985). Trial counsel's performance is not to be judged with the benefit of hindsight. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex.Crim.App. 1992).

With the *Strickland* standard in mind, counsel has reviewed the record before the court and found no conduct that would rise to the level of rendering trial counsel's assistance ineffective. *See, e.g., Johnson v. State*, 614 S.W.2d 148, 152 (Tex.Crim.App. [Panel Op.] 1981) (holding that, on appeal, courts will not second-

10

guess reasonable trial decisions). There were no actions or inactions on the part of trial counsel that, based on the record available for direct appeal, would support a claim that ineffective assistance was rendered and also, but for that ineffective assistance, the result at trial would have been different. *See Cannon v. State*, 668 S.W.2d 401, 403 (Tex.Crim.App. 1984) (burden is on defendant to establish ineffective assistance); *Rodriguez v. State*, 899 S.W.2d 658, 665 (Tex.Crim.App. 1995) (a review of counsel's actions looks to the record as a whole and not merely at isolated incidents).

## CONCLUSION AND PRAYER

As counsel was unable to raise any arguable issues for appeal, he is required to move for leave to withdraw. *See Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App. 1991).

WHEREFORE, PREMISES CONSIDERED, counsel prays that the Court, after affording Mr. Choice the opportunity to review the record and file a *pro se* brief should he desire to do so, accept this brief and grant the attached Motion to Withdraw pursuant to *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396 (1967).

Respectfully submitted,

/s/ Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702

11

Telephone: (903) 595-6070
Facsimile: (866) 387-0152

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was delivered to counsel for the State by facsimile on this the 8th day of May 2015.

/s/ Austin Reeve Jackson

## CERTIFICATE OF COUNSEL

The attorney's role as an advocate requires that I support my client's appeal to the best of my ability. *Anders v. California*, 386 U.S. 738. I, Austin Reeve Jackson, counsel of record in this appeal, do hereby state that I have diligently searched the entire record in this cause. I have researched the law applicable to the facts and issues contained therein, and it is my professional opinion that the record reflects no reversible error. In conformity with the applicable law pertaining to an appeal of this nature, I have set forth any potential grounds of error and have briefed them to the extent possible. I have further caused a copy of this brief to be served by certified mail on Appellant, accompanied by a letter informing Appellant of the right to examine the record for the purpose of filing a *pro se* brief.

/s/ Austin Reeve Jackson

12

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the requirements of Rule 9.4 and consists of 2,578 words.

/s/ Austin Reeve Jackson