ACCEPTED
12-15-00002-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
5/8/2015 12:21:04 PM
CATHY LUSK
CLERK

**12-15-00002-CR**

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
5/8/2015 12:21:04 PM
CATHY S. LUSK
Clerk

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**Q'ANDREW SHELTON**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

FILED

5/8/2015

Twelfth Court of Appeals
Cathy Lusk
Clerk

On Appeal from the 114th District Court of Smith County, Texas
Trial Cause No. 114-0724-14

**ORAL ARGUMENT NOT REQUESTED**

Austin Reeve Jackson
JLawAppeals@gmail.com
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

# IDENTITY OF PARTIES AND COUNSEL

**Attorney for Appellant**

Appellate Counsel:
Austin Reeve Jackson
112 East Line, Suite 310
Tyler, TX 75702

Trial Counsel:
Brent Ratekin
422 S. Spring Ave.
Tyler, TX 75702

**Attorney for the State on Appeal**

Michael J. West
Assistant District Attorney, Smith County
4th Floor, Courthouse
100 North Broadway
Tyler, TX 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ..................................................................... ii

TABLE OF CONTENTS ................................................................................................. iii

INDEX OF AUTHORITIES ........................................................................................... iv

STATEMENT OF THE CASE ......................................................................................... 2

ISSUES PRESENTED ..................................................................................................... 2

STATEMENT OF FACTS ............................................................................................... 3

SUMMARY OF THE ARGUMENT ............................................................................... 4

ARGUMENT .................................................................................................................... 4

    **I.**    **JURISDICTION** ........................................................................................... 4

    **II.**   **THERE WERE NO ERRORS IN *VOIR DIRE*** ........................................... 5

    **III.**  **THE EVIDENCE WAS LEGALLY SUFFICIENT TO SUPPORT THE VERDICT** ................................................................................. 6

               Posession ....................................................................................... 7

    **IV.**  **PUNISHMENT** ............................................................................................ 9

    **V.**   **EFFECTIVE ASSITANCE OF COUNSEL** ............................................... 10

CONCLUSION AND PRAYER ..................................................................................... 11

CERTIFICATE OF COUNSEL ..................................................................................... 12

CERTIFICATE OF SERVICE ....................................................................................... 13

CERTIFICATE OF COMPLIANCE ............................................................................. 13

# INDEX OF AUTHORITIES

# TABLE OF AUTHORITIES

## UNITED STATES SUPREME COURT:

*Anders v. California*,
386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)...................................4, 12

*Jackson v. Virginia*,
443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)...................................6, 9

*Strickland v. Washington*,
466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984)...............................10, 11

## TEXAS COURT OF CRIMINAL APPEALS:

*Brooks v. State*,
323 S.W.3d 893 (Tex.Crim.App. 2010) .......................................................6

*Cannon v. State*,
668 S.W.2d 401 (Tex.Crim.App. 1984) .......................................................11

*Curry v. State*,
30 S.W.3d 394 (Tex.Crim.App. 2000) .........................................................9

*Dewberry v. State*,
4 S.W.3d 735 (Tex.Crim.App. 1999) ............................................................9

*Gamboa v. State*,
296 S.W.3d 574 (Tex.Crim.App. 2009) .......................................................5

*Ganious v. State*,
436 S.W.2d 137 (Tex.Crim.App. 1969) ........................................................2

*Gonzales v. State*,
353 S.W.3d 826 (Tex.Crim.App. 2011) .......................................................5

*Harris v. State*,
656 S.W.2d 481 (Tex.Crim.App. 1983) .......................................................10

## TEXAS COURT OF CRIMINAL APPEALS (CON'T):

*Hernandez v. State,*
   988 S.W.2d 70 (Tex.Crim.App. 1999) ........................................................ 10

*Johnson v. State,*
   614 S.W.2d 148 (Tex.Crim.App. 1981) ...................................................... 11

*Jones v. State,*
   982 S.W.2d 386 (Tex.Crim.App. 1998) ..................................................... 5-6

*Jordan v. State,*
   495 S.W.2d 949 (Tex.Crim.App. 1973) ...................................................... 10

*King v. State,*
   29 S.W.3d 556 (Tex.Crim.App. 2002) ......................................................... 8

*Miniel v. State,*
   831 S.W.2d 310 (Tex.Crim.App. 1992) ...................................................... 10

*Moore v. State,*
   694 S.W.2d 528 (Tex.Crim.App. 1985) ...................................................... 10

*Murray v. State,*
   302 S.W.2d 874 (Tex.Crim.App. 2009) ........................................................ 5

*Rhodes v. State,*
   934 S.W.2d 113 (Tex.Crim.App. 1996) ...................................................... 9-10

*Rodriguez v. State,*
   899 S.W.2d 658 (Tex.Crim.App. 1995) ...................................................... 11

*Stafford v. State,*
   813 S.W.2d 503 (Tex.Crim.App. 1991) ...................................................... 11

**TEXAS COURTS OF APPEAL:**

*Beltran v. State*,
   99 S.W.3d 807 (Tex.App.—Houston [14th Dist.] 2003)..............................6

*Castaneda v. State*,
   135 S.W.3d 719 (Tex.App.—Dallas 2003) ....................................................10

*Figueroa v. State*,
   250 S.W.3d 490 (Tex.App.—Austin 2008) ....................................................8

*Hurtado v. State*,
   881 S.W.2d 738 (Tex.App.-Houston [1st dist.] 1994)..................................8

*Kirk v. State*,
   949 S.W.2d 769 (Tex.App.—Dallas 1997) ....................................................10

*Mays v. State*,
   904 S.W.2d 290 (Tex.App.—Fort Worth 1995)............................................4

**STATUTES:**

TEX. CODE CRIM. PROC. art. 4.05 ....................................................................5

TEX. PEN. CODE § 12.42....................................................................................9

TEX. HEALTH & SAFETY CODE § 481.002 ........................................................7

TEX. HEALTH & SAFETY CODE § 481.115 ........................................................9

TEX. HEALTH & SAFETY CODE § 481.134 ....................................................4, 5, 7

TEX. R. APP. P. 33.1 ........................................................................................6, 9

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**Q'ANDREW SHELTON**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the 114th District Court of Smith County, Texas
Trial Cause No. 114-0724-14

**TO THE HONORABLE JUSTICES OF THE COURT:**

COMES NOW, Austin Reeve Jackson, attorney for Q'Andrew Shelton, and files this brief pursuant to the TEXAS RULES OF APPELLATE PROCEDURE, and would show the Court as follows:

## STATEMENT OF THE CASE

Q'Andrew Shelton seeks to appeal his conviction and sentence for the offense of Possession of a Controlled Substance in a Drug Free Zone rendered against him in December of last year. (I CR 158). Mr. Shelton was indicted for this offense in June of 2014 in the 114th District Court of Smith County, Texas. (I CR 1). To this charge he entered a plea of "not guilty" and proceeded to trial by jury. (I CR 158). Ultimately, the jury found him to be guilty. (*Id*.). The trial court then imposed punishment at a term of fifty years' confinement. (*Id*.). Sentence was pronounced on 11 December 2014 and notice of appeal then timely filed. (I CR 158, 168).

## ISSUES PRESENTED

Counsel has reviewed the appellate record in this cause and reluctantly concludes that as a matter of professional judgment the record contains no reversible error and no jurisdictional defects are present. Where counsel concludes that there are no arguable grounds for reversal, he is required to present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Ganious v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969).

## STATEMENT OF FACTS

In April of last year officers with the Tyler Police Department were sent to a neighborhood in response to a loud vehicle parked on the street. (XIII RR 33). The first officer to arrive attempted to locate the owner of the vehicle and in doing so came across Appellant, Mr. Q'Andrew Shelton. (XIII RR 40-41). Mr. Shelton admitted to being the owner of the vehicle and the officer engaged him in a brief conversation during which time he noticed that Mr. Shelton, who appeared to be nervous and who smelled of marijuana, was "holding a red and white cigar-type box." (XIII RR 41). Mr. Shelton continued to exhibit signs of elevated nervousness and was "giving on-verbal cues .. associate with someone that's contemplating evading on foot…." (XIII RR 44). Given this circumstance, the officer asked Mr. Shelton to sit on the front steps of one of the nearby homes. (XIII RR 50).

Once seated, Mr. Shelton "immediately began calling people on a cell phone." (XIII RR 53). Apparently, he was able to contact a woman inside the home who came out on the front step and attempted to take the cigar box Mr. Shelton had been holding. (XIII RR 56). The officer asked her to have a seat as well and she complied. (XIII RR 56).

Based on what he had observed the officer conducted a pat-down of Mr. Shelton and found a vile of PCP in his pocket. (XIII RR 58). This led to a search

of the cigar box he had been holding inside of which were found twelve additional vials of PCP. (XIII RR 60).

As a result of this search Mr. Shelton was charged with the instant offense. (I CR 1). To the charge he entered a plea of "not guilty," was convicted, and sentenced to serve a term of fifty years' confinement. (I CR 158). Sentence was pronounced on 11 December 2014 and notice of appeal then timely filed. (I CR 158, 168).

## SUMMARY OF ARGUMENT

In accordance with the requirements of *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), counsel has reviewed the record and determined that, in his professional opinion, the record contains no reversible error or jurisdictional defects. Under circumstances where there appears to be no arguable grounds for reversal on appeal, counsel is required to present a professional evaluation of the record supporting this assertion. *See Mays v. State*, 904 S.W.2d 290, 922-23, (Tex.App.—Fort Worth 1995, no pet.).

## ARGUMENT

### I. JURISDICTION

Under Texas law, possession of a controlled substance with the intent to deliver, as alleged here, is a felony offense. (I CR 1); TEX. HEALTH & SAFETY CODE § 481.134 (Vernon 2013). Therefore, jurisdiction properly rested with the 114th

District Court of Smith County, Texas. *See* TEX. CODE CRIM. PROC. ANN. Art. 4.05 (Vernon 2007) (stating that district courts shall have original jurisdiction in felony criminal cases); *Murray v. State*, 302 S.W.2d 874, 877 (Tex.Crim.App. 2009). Additionally, because it alleged all of the essential elements of the charged offense, the indictment returned in this case provided Mr. Shelton with sufficient notice of the offense with which he was charged. (I CR 1); *see also* TEX. HEALTH & SAFETY CODE § 481.134 (elements of the offense). Consequently, no error regarding the trial court's jurisdiction can be advanced.

## II. THERE WERE NO ERRORS IN *VOIR DIRE*.

Counsel has reviewed that portion of the record pertaining to *voir dire* for errors and has found none. (XII RR *gen*.). Even if there was an error regarding jury selection that had been preserved, a trial court's decision to grant a challenge for cause is subject to great deference by an appellate court and will be reversed "only if a clear abuse of discretion is evident." *Gonzales v. State*, 353 S.W.3d 826, 831 (Tex.Crim.App. 2011). On this record there does not appear a basis on which to argue that a clear abuse of discretion could be shown based on potential jurors responses to questions from counsel, but, just as importantly, Mr. Shelton cannot show that if there was an erroneous excusal of any of the potential jurors, that error resulted in a jury being impaneled that was not lawfully constituted. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex.Crim.App. 2009); *Jones v. State*, 982 S.W.2d

386, 394 (Tex.Crim.App. 1998). Consequently, the Court would have to overrule any argument made as to this issue on appeal. *Jones*, 982 S.W.2d at 393. Finally, the record does not present any objections to statements or actions by the State that would warrant a reversal of Appellant's conviction on appeal. *See* TEX. R. APP. PROC. 33.1; *Beltran v. State*, 99 S.W.3d 807, 811-12 (Tex.App.—Houston [14th Dist.] 2003, pet. ref'd).

## III. THE EVIDENCE WAS LEGALLY SUFFICIENT TO SUPPORT THE VERDICT.

The standard enunciated in *Jackson v. Virginia*[1] is the one by which sufficiency of the evidence challenges are measured. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex.Crim.App. 2010). That is, in order to be legally sufficient the evidence at trial must support a rational conclusion that each element of the charged offense was proved beyond a reasonable doubt. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex.Crim.App. 1993). Under this standard the record is reviewed in the light most favorable to the verdict. *Id*.

To prove the offense alleged the State was required to prove that on or before the date in the indictment:

1. In Smith County, Texas;

2. Q'Andrew Shelton;

3. Knowingly possessed;

---

[1] 443 U.S. 307, 315-16, 99 S.Ct. 2781, 2786-87, 61 L.Ed.2d 560 (1979).

6

4.  Phencyclidine (PCP);

5.  In an amount between one and four grams.

(I CR 1); TEX. HEALTH & SAFETY CODE § 481.134.

There was no dispute that the actions giving rise to the instant allegation occurred, if at all, within the time period alleged and within Smith County. Nor was there any argument made as to the identity of the defendant. Additionally, the evidence was undisputed that the substance seized in this case was PCP and had a total weight of more than one gram. Instead, Mr. Shelton primarily challenged whether the State had proved the element of possession.

<u>Possession</u>

To establish possession the State was required to show that Mr. Shelton exercised care, custody, or control over the narcotics. TEX. HEALTH & SAFETY CODE § 481.002(38). Those factors can be evidence by the defendant's presence when a search is conducted; whether the contraband was in plain view; the defendant's proximity to and the accessibility of the contraband; whether the defendant was under the influence of contraband when arrested; whether the defendant possessed other contraband when arrested; whether the defendant made incriminating statements when arrested; whether the defendant attempted to flee; whether the defendant made furtive gestures; whether there was an odor contraband; whether other contraband was present; where the defendant owned the place where the drugs

7

were found; whether the place where the drugs were found was enclosed; whether the defendant was found with a large amount of cash; and whether the conduct of the defendant indicated a consciousness of guilt. *Figueroa v. State*, 250 S.W.3d 490, 500 (Tex.App.—Austin 2008, pet. ref'd).

Here, a majority of these factors support a finding that Mr. Shelton possessed the PCP. *See Id.* (a court will look not to the number of the factors but their strength). Mr. Shelton was present when the search was conducted, at least some of the PCP was found on his person, Mr. Shelton had exhibited control and custody over the box in which the majority of the PCP was found, he had made furtive gestures while initially being detained and had an odor of marijuana on his person, and had shown behavior which could indicate a consciousness of guilt. (XIII RR 41, 43, 44, 56, 57, 60, 61, 65, 100, 103, 240). As such, considering the logical force of this evidence, it appears that if challenged the Court would find that the State sufficiently established that Mr. Shelton possessed the requisite amount of PCP. *See Hurtado v. State*, 881 S.W.2d 738, 745 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd) (standard of review); *see also King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App. 2002) (on appeal court will not reweigh evidence).

Further, although some exculpatory evidence was developed (XIII RR 115, 261), on appeal the Court would also consider Mr. Shelton's statements at the time he was arrested that the woman who came out of the house was not involved and

8

that the drugs in the box "were not hers." (XIII RR 100, 103). Such statements, indicating a consciousness of guilt, would go a long way to undermining the exculpatory evidence Mr. Shelton did present and, even if the Court was inclined to give more weight to the exculpatory evidence than the jury did, it cannot substitute on appeal its judgment for that of the original finder of fact. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999); see also *Curry v. State*, 30 S.W.3d 394, 406 (Tex.Crim.App. 2000) (any inconsistencies that may be present are resolved in favor of the verdict).

Thus, taking the record before the Court as a whole and viewing the evidence in the light most favorable to the jury's verdict, it cannot be said on appeal that the evidence was legally insufficient to support the judgment rendered at trial. *See Jackson*, 443 U.S. at 319 (standard of review).

## IV. PUNISHMENT.

As alleged, the offense of possession of a controlled substance is a third degree felony. TEX. HEALTH & SAFETY CODE § 481.115(c). However, because the State also established that Mr. Shelton had previously been convicted of two felony offenses, the punishment range was enhanced to a maximum of confinement for life. TEX. PEN. CODE § 12.42(d). Consequently, although the issue of cruel or excessive punishment was not raised at the time sentence was imposed and, therefore, has been waived on appeal, *see* TEX. R. APP. P. 33.1(a)(1); *Rhoades v. State*,

9

934 S.W.2d 113, 120 (Tex.Crim.App. 1996); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex.App.—Dallas 2003, no pet.), because the fifty year sentence imposed was within the statutory punishment range for the offense it is presumptively not constitutionally cruel and unusual under these circumstances. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex.App.—Dallas 1997, pet. ref'd); *see also Harris v. State*, 656 S.W.2d 481, 486 (Tex.Crim.App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex.Crim.App. 1973).  The record presents no basis from which to argue that this presumption can be overcome on direct appeal.

## V.  EFFECTIVE ASSISTANCE OF COUNSEL.

Effective assistance of counsel is to be evaluated under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984); *see also, Hernandez v. State*, 988 S.W.2d 70 (Tex.Crim.App. 1999).  To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that, but for trial counsel's alleged errors, the result would have been different.  *Strickland*, 466 U.S. at 687-88.  On appeal, the defendant carries the burden of proving ineffective assistance by a preponderance of the evidence.  *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App. 1985).  Trial counsel's performance is not to be judged with the benefit of hindsight.  *Miniel v. State*, 831 S.W.2d 310, 323 (Tex.Crim.App. 1992).

10

With the *Strickland* standard in mind, counsel has reviewed the record before the court and found no conduct that would rise to the level of rendering trial counsel's assistance ineffective. *See, e.g., Johnson v. State*, 614 S.W.2d 148, 152 (Tex.Crim.App. [Panel Op.] 1981) (holding that, on appeal, courts will not second-guess reasonable trial decisions). Although Mr. Shelton indicated he was not entirely happy with his trial counsel (XVII RR 20), there were no actions or inactions on the part of trial counsel appearing in the record available for direct appeal that would support a claim that ineffective assistance was rendered and also, but for that ineffective assistance, the result at trial would have been different. *See Cannon v. State*, 668 S.W.2d 401, 403 (Tex.Crim.App. 1984) (burden is on defendant to establish ineffective assistance); *Rodriguez v. State*, 899 S.W.2d 658, 665 (Tex.Crim.App. 1995) (a review of counsel's actions looks to the record as a whole and not merely at isolated incidents).

## CONCLUSION AND PRAYER

As counsel was unable to raise any arguable issues for appeal, he is required to move for leave to withdraw. *See Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App. 1991).

WHEREFORE, PREMISES CONSIDERED, counsel prays that the Court, after affording Mr. Shelton the opportunity to review the record and file a *pro se* brief should he desire to do so, accept this brief and grant the attached Motion to

11

Withdraw pursuant to *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396 (1967).

Respectfully submitted,

/s/ Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

## CERTIFICATE OF COUNSEL

The attorney's role as an advocate requires that I support my client's appeal to the best of my ability. *Anders v. California*, 386 U.S. 738. I, Austin Reeve Jackson, counsel of record in this appeal, do hereby state that I have diligently searched the entire record in this cause. I have researched the law applicable to the facts and issues contained therein, and it is my professional opinion that the record reflects no reversible error. In conformity with the applicable law pertaining to an appeal of this nature, I have set forth any potential grounds of error and have briefed them to the extent possible. I have further caused a copy of this brief to be served by certified mail on the Appellant, accompanied by a letter informing the Appellant of the right to examine the record for the purpose of filing a *pro se* brief.

/s/ Austin Reeve Jackson

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this Brief was delivered to counsel for the State by efile concurrently with its filing and a copy of the same delivered to Appellant by certified, first-class mail.

/s/ Austin Reeve Jackson

**CERTIFICATE OF COMPLIANCE**

I certify that this document complies with the requirements of Rule 9.4 and consists of 2,642 words.

/s/ Austin Reeve Jackson